694 P.2d 400

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Mark M. RUNDLE,
Defendant-Appellant.**

**No. 15442.**

Court of Appeals of Idaho.

Dec. 20, 1984.

Mark M. Rundle, pro se.

Jim Jones, Atty. Gen., by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a district court order denying a "Motion for Reconsideration of Sentence." The motion was submitted by appellant Mark M. Rundle approximately seven weeks after receiving an indeterminate sentence of five years for manufacturing a controlled substance. The district court treated the motion as one for correction or reduction of sentence under I.C.R. 35 and denied it. We affirm.

On appeal Rundle raises two principal issues. First, he contends that the district court misconstrued his motion as one seeking correction of an illegal sentence and thus failed to consider the motion on its merits as one seeking a reduction of the sentence. Second, although the brief is not entirely clear, Rundle appears to argue that he was entitled to the reduction sought. Before discussing these issues, we note that Rundle also has claimed infringement of various constitutional rights. Because no colorable showing has been made of any constitutional violations, we will not address those claims in this opinion.

The contention that the district court misconstrued Rundle's motion turns upon the following language in the court's order:

It is the decision of the Court that nothing contained within the Defendant's Motion or attachments supports a finding of an illegal sentence, nor does the Motion present any additional information in mitigation that would justify a correction of the sentence.

The order refers on one hand to an "illegal sentence" and to "correction of the sentence," but it refers on the other hand to "information in mitigation." Rundle correctly notes that the order is somewhat ambiguous. However, it does not follow that the court failed to understand that the motion was directed toward a reduction of sentence. Indeed, any ambiguity in the order is due, in part, to the court's reference to "information in mitigation." That phrase plainly refers only to grounds for reducing the sentence.

■ Ambiguity, by itself, is not a sufficient reason to set aside the district court's order. The rules governing interpretation of court orders are well settled. With exceptions not pertinent here (relating to judgments of conviction and pronouncement of sentences), an order will be construed in light of the relief sought by the underlying motion. *See cases cited in* 56 AM.JUR.2d *Motions, Rules and Orders* § 29 (1971) (setting forth general rule). Particular passages in the order will not be viewed in isolation; rather, the order will be considered as a whole. *Id.*

■ In this case, the only relief sought by Rundle's motion was a reduction of sentence. The motion contained no assertion that the sentence was illegal. Consequently, the phrases "illegal sentence" and "correction of the sentence" were inapposite. However, the court's finding that the motion failed to "present any additional information in mitigation" was dispositive of the request for a reduced sentence. Thus, while the order might have employed better terminology in relation to Rule 35, we are convinced that the order, interpreted as a whole and viewed against the underlying motion, demonstrates the district court's understanding of the relief sought by Rundle.

■ The next question is whether the district court erred by denying such relief. The decision whether to reduce a sentence rests in the sound discretion of the sentencing court. *E.g., State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

■ The burden of showing that the original sentence was unduly severe is upon the moving party. When a discretionary decision related to sentencing is challenged on appeal, the appellant bears the burden of presenting a sufficient record to evaluate the merits of the challenge. *E.g., State v. Wolf,* 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982). Here, the record is fatally incomplete. It does not contain the original sentence, the presentence report (if any) or a transcript of any proceedings related to the original sentence. The record consists primarily of Rundle's motion, the district court's order, and an affidavit, accompanied by a memorandum, stating reasons for the relief sought. These reasons are largely limited to averments that Rundle has learned his lesson about obeying the law, that he has com-

plied with regulations at the Idaho State Correctional Institution and that further confinement would ill serve his rehabilitation or the welfare of his family.

 Although rehabilitation and family circumstances may be pertinent factors to weigh in considering a motion for reduction of a sentence, they are not necessarily controlling. Rehabilitation is but one of several objectives considered in formulating an appropriate sentence. Other factors include deterrence, retribution and the protection of society. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Upon the instant record we cannot determine how these sentencing objectives have been applied in Rundle's case. We will not presume error that the record fails to show. Therefore, we decline to hold that the district court abused its discretion by denying Rundle's "Motion for Reconsideration of Sentence."

The order of the district court is affirmed.