706 P.2d 1342

**STATE of Idaho, Plaintiff-Respondent, Cross-Appellant,**

v.

**Scott David BEAN, Defendant-Appellant, Cross-Respondent.**

**No. 14709.**

Supreme Court of Idaho.

March 15, 1985.

Rehearing Denied Oct. 28, 1985.

Marvin R. Stucki, Idaho Falls, for defendant-appellant, cross-respondent.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent, cross-appellant.

HUNTLEY, Justice.

Scott Bean and his co-defendant William Caudill were convicted of first degree mur-

der of an Idaho Falls man. Bean was sentenced to a fixed term of life imprisonment, and Caudill was sentenced to an indeterminate term of life imprisonment. The sentencing judge found several mitigating factors, including Bean's relative immaturity, his childhood deprivations, and lack of criminal record. The final mitigating factor was the fact that the victim, together with Bean and Caudill, was engaged in the delivery and use of drugs.

Bean appeals his conviction, alleging that the trial court erred in admitting photographs of the murder victim, in failing to exclude certain physical evidence, in failing to sequester the jury and in denying his motion to sever his trial from that of his co-defendant.

The State of Idaho cross-appeals arguing that the trial court erred in considering the victim's prior criminal conduct to be a mitigating factor and in concluding that I.C. § 19–2515(f)(6), describing an aggravating factor, was not applicable.

The facts of the case are set forth in detail in the companion case of *State of Idaho v. William B. Caudill*, 109 Idaho 222, 706 P.2d 456 (1985) and will not be repeated here.

In *Caudill*, we addressed the issue of whether the trial court erred by admitting into evidence photographs of the murder victim. We concluded that it did not err since the photographs were relevant evidence as to the atrociousness of the crime.

■ Bean alleges that the trial court erred in failing to exclude certain physical evidence. He observes that a total of 58 exhibits were marked for use by the State and a "large number" of those were admitted by the court. Specifically, Bean objects to the admission of a straight edge razor which he was known to have worn around his neck, and the admission of various guns and knives, none of which had any relation to the murder for which he was being tried. He contends that these items were immaterial and irrelevant and were introduced solely to convince the jury that he was a "bad person" and to cloud the real issues in the case. The State, in response, argues

that the evidence was relevant to prove the manner by which death was caused and to demonstrate that the defendant had at hand the weapons with which to commit murder. Clearly, the challenged evidence had only marginal probative value. However, even assuming that its slim probative value was outweighed by its prejudicial effect, we conclude that given the totality of the evidence and the overwhelming nature of the evidence *properly* admitted, the admission into evidence of the various physical items here objected to did not constitute reversible error because it was harmless beyond a reasonable doubt. *State v. Le Page*, 102 Idaho 387, 630 P.2d 674 (1981).

■ Bean next challenges the trial court's decision not to sequester the jury. He claims that the court abused its discretion under I.C. § 19–2126 which provides that the jury may be kept together, in the discretion of the court during the trial proceedings by failing to order such sequestration. He also complains that the court did not satisfactorily admonish the jury to avoid discussing the case or having contact with the media over the weekend trial recess. However, Bean has cited no authority for either proposition, and his conclusion that the jury may have been unable to render a fair verdict because it was not sequestered is totally speculative. Therefore, we cannot conclude that the trial court erred in denying the motion to sequester the jury.

■ Finally, Bean argues that he was denied a fair trial because the court denied his motion to sever his trial from that of his co-defendant. He claims that he and Caudill had antagonistic defenses and that their respective counsel pursued different trial strategies. In *Caudill, supra,* we held that although the two defendants presented *different* defenses, the defenses were not antagonistic. Moreover, Bean has made no specific showing as to how he was prejudiced by his counsel pursuing a

different trial strategy than that pursued by counsel for Caudill. Bean claims that under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) he was denied a fair trial because his co-defendant's confession was admitted into evidence. However, *Bruton* [1] pertains to situations where the confessing co-defendant does not take the stand and the implicated co-defendant does not have the opportunity to confront or cross-examine. Here, however, Caudill *did* take the stand and counsel for Bean had full opportunity to cross-examine. Hence, no *Bruton* error existed.

■ As in *Caudill,* the state questions the legality of the trial court's decision to consider the *victim's* character to be a mitigating factor. In *Caudill,* we concluded that the court erred in this respect, however, we declined to vacate the sentence already imposed because *Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) held that the double jeopardy clause forbids the imposition of the death sentence where, as here, the criminal defendant has already been acquitted of that penalty. The same result obtains in this case.

■ Also as in *Caudill,* the State assigns error to the trial court's conclusion that the aggravating factor set out in I.C. § 19–2515(f)(6) overlapped the aggravating factor described in I.C. 19–2515(f)(7). In *Caudill,* we held that factors (f)(6) and (f)(7) [2] in fact overlap. Hence, the trial court's ruling was proper.

For the reasons stated above, we affirm the judgment.

DONALDSON, C.J., BAKES, J., and BEEBE, J. Pro Tem., concur.

SHEPARD, J., concurs in the result.

1. *See State v. Caudill* at, 109 Idaho at p. 222, 706 P.2d at p. 456 for a more complete discussion of the *Bruton* holding.

2. In 1984, I.C. § 19–2515 was amended and section (f) became section (g). The language of the new section (g) and its subsections is identical to the language of the former section (f) and its subsections.