721 P.2d 221

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard James ANDERSON, Defendant-Appellant.**

**No. 15895.**

Court of Appeals of Idaho.

June 23, 1986.

John K. Gatchel, Payette, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Upon a plea of guilty, Richard Anderson was convicted of second degree kidnapping, I.C. § 18–4503. In return for the plea the prosecutor dismissed a charge of lewd conduct with a male child under the age of sixteen, I.C. § 18–1508. Anderson was sentenced to the custody of the Board of Correction for a fixed five-year term. Approximately ninety days later Anderson moved, under I.C.R. 35, for a reduction of the sentence or for a modification to release him on probation. The district court summarily denied the motion. On appeal, Anderson contends that the district court abused its sentencing discretion by imposing an excessive sentence and erred in denying the Rule 35 motion without first conducting a hearing. We affirm.

Our review of the first issue—whether the sentence was excessive—is limited. The judgment of conviction, which included the sentencing order, was a final judgment for purposes of appeal. The sentence was not an "illegal sentence" or a sentence "that has been imposed in an illegal manner." I.C.R. 35. The district court did not retain jurisdiction under I.C. § 19–2601(4). Therefore, the time to appeal from the sentence, forty-two days, expired before Anderson filed his motion for reduction of sentence. I.A.R. 14(a). Consequently, we will not entertain, in this appeal, the question whether the judge abused his discretion by imposing the fixed five-year sentence upon the record then before him. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984).

We will now consider only whether the judge later should have reduced the sentence as requested under a Rule 35 motion, based upon the entire record then in existence. Anderson argues that the court erred in denying the motion upon the written record, without first hearing additional testimony and oral argument. Rule 35, I.C.R., provides in relevant part: "Motions to correct or modify sentences under this rule shall be considered and determined by the court without the admission of additional testimony and without oral argument,

unless otherwise ordered by the court in its discretion."

A motion to reduce an otherwise lawful sentence is itself addressed to the sound discretion of the sentencing court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The criteria for evaluating rulings on motions to reduce sentences under Rule 35 are the same as those applied in determining whether the original sentence was excessive. *State v. Lopez, supra.* These criteria are well-stated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Thus, the decisions whether to grant a hearing and whether to grant the motion for reduction of sentence are both discretionary rulings.

Anderson has made no allegations which seriously challenge the severity of the sentence when imposed. That sentence was well within the maximum punishment of twenty-five years for the crime of second degree kidnapping. His motion to reduce the sentence presented information tending to show that he had successfully adapted to prison life. He also cited the lack of rehabilitation programs, overcrowding and violence and his severe pain and discomfort due to the lack of proper medical treatment in prison as reasons to reduce his sentence.

The record shows that the district court considered the information. Even if we assume that the statements, concerning Anderson's health difficulties, good conduct and prison overcrowding and violence, contained in the motion are true, we cannot say that the district judge abused his discretion in determining that they were insufficient to overcome the original reasons for the sentence imposed. Those reasons included the nature of the crime, "a history of criminal activity," with convictions for "lots of prior felonies and prior offenses." When he sentenced Anderson, the district judge made it clear that he had little expectation Anderson would ever be rehabilitated. The judge was guided more by Anderson's "past conduct" than by "promises of future behavior." Although rehabilitation and health difficulties may be factors to weigh in considering a motion for reduction of sentence, they are not necessarily controlling. *See State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). Other factors include deterrence and protection of society. *State v. Toohill, supra.*

Having reviewed all the information available, we conclude that the district court did not abuse its discretion in failing to exercise leniency based upon information contained in the motion without conducting a hearing. Accordingly, the order denying the Rule 35 motion is affirmed.

WALTERS, C.J., and BURNETT, J., concur.