731 P.2d 234

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kenneth Royce JAMES,
Defendant-Appellant.**

**No. 16169.**

Court of Appeals of Idaho.

Dec. 30, 1986.

Gara B. Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael A. Henderson, and David Minert, Deputy Attys. Gen., (argued) Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Kenneth James pled guilty to a charge of grand theft by possession of stolen property. He was sentenced to an indeterminate five-year term in the custody of the board of correction. James subsequently filed two motions—one to correct his sentence to reflect credit for time he had served in jail prior to his commitment to the board, and a second motion seeking reduction of his sentence under I.C.R. 35. The district court granted the motion to correct the sentence, but denied the motion for reduction.

On appeal, James challenges the denial of his motion for reduction of his sentence. He raises several issues concerning the entry of his judgment of conviction and imposition of the sentence. The state contends that issues relating to the original judgment and sentence are beyond the jurisdiction of this Court because James did not timely appeal from his judgment of conviction. We agree for reasons explained in Part I, *infra*. We otherwise affirm the district court order denying the motion for reduction of the sentence.

The record reveals the following facts and dates which are important to this case. James was charged with grand theft by possession of stolen property in connection with the theft of the motor and frame of an automobile. Pursuant to a plea bargain agreement in which other charges were either dismissed or not filed, James pled guilty to the charge of grand theft. On

March 29, 1985, the district court sentenced James to a five-year indeterminate period in accordance with the state's recommendation under the plea bargain agreement. On May 6, 1985, James filed a motion to correct his sentence, alleging that he had not been given credit for time served in the county jail prior to being sent to prison. On July 3, 1985, James filed a motion to reduce his sentence under I.C.R. 35. On August 23, 1985, the district court granted the motion to correct the sentence and ordered that James be given credit for the time he had spent in jail prior to being sentenced. The district court, however, denied the motion to reduce James' sentence. On October 2, 1985, James filed a notice of appeal. James' issues on appeal can be segregated into two groups—one group of issues which stems from his original judgment of conviction and sentencing, and a second group of issues evolving from the denial of his Rule 35 motion for reduction of his sentence. We address each set of issues separately.

## I.

### Issues Arising From Judgment of Conviction and Sentencing

James raises as issues: (1) that he received ineffective assistance of counsel because his attorney did not request a psychological evaluation prior to sentencing, and (2) that his guilty plea was coerced and involuntary. We conclude that James' appeal in respect to these issues was untimely, and therefore refuse to consider them because of a lack of jurisdiction.

Under I.A.R. 14 James had forty-two days from the date "evidenced by the filing stamp of the clerk of the court" on his judgment of conviction in which to bring his appeal. Under I.A.R. 14, the appeal period is terminated by "the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action...."

The district court entered judgment on March 29, 1985. On May 6, 1985, thirty-eight days later, James filed his motion to correct his sentence to allow him credit for time served in the county jail. This motion, if granted, would have affected James' sentence by reducing his sentence by the amount of time he had served in the county jail. However, because neither that motion, nor any other pertinent motion which would have terminated the appeal period, was filed within the fourteen-day period provided by I.A.R. 14, the forty-two day time period for appeal from the judgment of conviction was not terminated. James' notice of appeal was filed October 2, 1985, substantially beyond the forty-two day time limit. Thus, James' appeal of his conviction and sentence was untimely.

The requirement of perfecting an appeal within the forty-two day time period is jurisdictional. Appeals taken after expiration of the filing period must be dismissed. *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984); *State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982). Therefore, we cannot consider those issues challenging the original conviction and sentencing because of a lack of jurisdiction, and James' appeal with regard to those issues is dismissed.

James argues that his appeal from the judgment of conviction was timely, citing *State v. Knight*, 106 Idaho 496, 681 P.2d 6 (Ct.App.1984). The *Knight* case, however, includes a critical factor distinguishing it from the present case. At the time *Knight* was decided, I.A.R. 14 only required "the *filing* of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action ..." to terminate the time for appeal. The rule was subsequently amended, and, as applicable to James, requires the "*filing* of a motion *within fourteen (14) days of the entry of the judgment* which, if granted, could affect the judgment, order or sentence in the action ..." in order to terminate the appeal. [Emphasis added.] Thus, because the rule applicable to *Knight* was different from the rule applicable to this case, *Knight* is not controlling here.

## II.

### Issues Arising From the Denial of The I.C.R. 35 Motion to Reduce the Sentence

James raises three issues with regard to the denial of his Rule 35 motion. They are: (1) that his constitutional rights were violated when he was denied permission to appear at the Rule 35 hearing; (2) that he was denied effective assistance of counsel by having a new attorney represent him at the Rule 35 hearing; (3) and that his five-year indeterminate sentence was unduly harsh.

### A

James has not cited to us any authority supporting his assertion that he had a constitutional right to appear at the Rule 35 hearing. James also has not alleged any facts which would indicate that he was any way prejudiced by not being present at the hearing. In short, James' argument amounts to nothing more than a bare assertion that he was somehow constitutionally deprived by not being present at the hearing.

■ A defendant is entitled to be present at sentencing. I.C.R. 43(a). The defendant is also entitled to be present for resentencing when a prior invalid sentence is corrected. *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct.App.1985). However, a Rule 35 hearing, if held, takes place after the defendant has been accorded his right to be present at sentencing. Indeed, the decision whether even to conduct a hearing on a Rule 35 motion has always been discretionary with the district court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). This Court has held that a district judge abuses that discretion when he unduly limits the information considered in deciding a Rule 35 motion. *State v. Torres, supra*. Here, however, there is no evidence that the district court unduly limited the available information. Although the court did not give a detailed reason why he would not permit James to be present, the court indicated that James had an attorney present at the hearing to argue his motions. The transcript of the hearing reflects that James' position was thoroughly presented to the court. It was James' responsibility to present to the district court whatever information was necessary to support his case. *State v. Rundle*, 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). James has not indicated to this Court that his attorney failed to present any pertinent information to the district court. We perceive no constitutional infirmity in the district court's decision not to permit James to be present at the hearing. We conclude that the district court did not err in so ruling.

### B

James next challenges the effectiveness of his representation at the Rule 35 hearing. The attorney who had previously represented James at sentencing was unable to attend the Rule 35 hearing. However, a partner in the original attorney's firm represented James at the hearing. James states that the new attorney "did not have the time to thoroughly investigate the circumstances of this case and present them to the court." The record before this Court, however, is in direct contradiction to that assertion.

■ At the beginning of the hearing, the stand-in counsel informed the court that he had been "briefed ... extensively on [the Rule 35 hearing], and for these motions coming before the Court." The new attorney had spoken with still another attorney who had represented James on a workman's compensation matter and who was thoroughly familiar with James' personal situation. The new attorney had obtained information about James' physical condition and had spoken with prison officials about James' opportunities for parole. Additionally, the transcript reveals that the new attorney presented argument to the court that reflected thorough familiarity with the record and with James' position. We conclude that James has failed to show that his counsel neglected to present any

information material to the judge's consideration of the Rule 35 motion.

### C

■ Finally, James contends that his five-year indeterminate sentence was unduly harsh, and represents an abuse of sentencing discretion. As noted, James' challenge to the original sentence is untimely. He did not appeal the judgment containing the sentence within the permitted time period. Therefore, we will not entertain, in this appeal, the question whether the court abused its discretion by imposing the indeterminate five-year sentence based on the record before it at that time. *State v. Galbraith*, 111 Idaho 379, 723 P.2d 923 (Ct.App.1986); *State v. Anderson*, 111 Idaho 121, 721 P.2d 221 (Ct.App.1986); *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984).

■ Our review is thus limited to the question of whether the judge should have reduced the sentence as requested under James' Rule 35 motion, based on the entire record then in existence. As noted, a motion to reduce a sentence is addressed to the discretion of the sentencing court. *State v. Arambula, supra.* Such a motion is essentially a plea for leniency. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). The criteria for evaluating rulings on motions to reduce sentences under Rule 35 are the same as those applied in determining whether the original sentence was excessive. *State v. Lopez, supra.* These criteria, well-stated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), include consideration of the primary objective of protecting society, together with the related goals of deterrence, rehabilitation and retribution. When an indeterminate sentence is imposed, the period of confinement is treated, for the purpose of appellate review, as one-third of the length of the sentence. *Id.* James received a five-year indeterminate sentence. He could have received a fourteen-year fixed sentence. I.C. §§ 18–2403(4), 18–2407 and 19–2513A. Therefore, the period of

confinement on which we base our review is twenty months.

James was convicted of possessing property which he knew was stolen. At his sentencing the court pointed out that it could not think of a more lenient sentence than that which had resulted from the plea bargain agreement. James' presentence report detailed a long history of criminal violations beginning when he was a youth and noted his detention in federal and state prisons, including two escapes. The court noted that James had a lengthy prior record. The court commented on James' repetitive criminal conduct, and the fact that rehabilitation had not worked with him. The presentence report concluded that James was a "chronic offender who has been given every opportunity to straighten out his life and who has instead flaunted the judicial and correctional systems of this State." The report ended with the recommendation that James serve a lengthy, determinate sentence because none of the available rehabilitative efforts would be appropriate in his case.

At the Rule 35 hearing James' counsel pointed out that James had been helpful to the police in recovering other stolen property and in bringing other criminal offenders to justice. The attorney also informed the court that James had a medical problem that required surgery. James' counsel requested probation so that James could have the surgery done by doctors of his own choice.

In addition to counsel's arguments, the court reexamined the presentence investigation, the file, and the facts and circumstances surrounding the plea bargain agreement in the case. The court noted the leniency which had been shown to James in the original sentencing. The court acknowledged James' physical problems. However, the judge observed that it was the court's responsibility to protect society.

■ Although rehabilitation and health problems are factors to consider in a

motion for reduction of a sentence, they are not necessarily determining factors. *See State v. Anderson, supra.* Here, it is clear that the judge gave detailed consideration to James' original sentencing, as well as his arguments for leniency. However, the court determined the protection of society outweighed those factors which James urges as justifying a reduction in his sentence. We conclude that the judge did not abuse his discretion in denying the Rule 35 motion.

Accordingly, the order of the district court denying James' Rule 35 motion is affirmed.

BURNETT and SWANSTROM, JJ., concur.