775 P.2d 157

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lyle GIBSON, Defendant–Appellant.**

**No. 17737.**

Court of Appeals of Idaho.

June 1, 1989.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to plea negotiations, Lyle Gibson pled guilty to aggravated assault, a felony. A related kidnapping charge was dropped. He appealed from the judgment of conviction, challenging the five-year sentence imposed. While the appeal was pending, Gibson unsuccessfully sought a reduction of sentence under I.C.R. 35. The sole issue before us is whether the sentence is excessive, representing an abuse of the district court's discretion. We affirm.

Gibson's plea was entered upon a prosecutor's information alleging that he had attempted to commit a violent injury with a hunting knife. I.C. §§ 18–901(a), 18–905(a), (b). The five-year sentence imposed represents the maximum punishment for aggravated assault.[1] I.C. § 18–906. The judge prescribed a minimum period of confine-

---

1. Although Gibson used a hunting knife in committing the assault, he was not separately charged with use of a deadly weapon in commission of a felony. I.C. § 19–2520. Therefore, an extended sentence of a possible fifteen additional years for the crime was not considered by the sentencing judge.

ment equal to the full five-year term of the sentence. I.C. § 19–2513.

Gibson now complains that this sentence provides no incentive for rehabilitation. The sentencing court considered the possibility of structuring a program of rehabilitation for Gibson. However, the court was concerned with Gibson's history of violent crimes, which included convictions for three assaults and one robbery. Gibson had spent eleven years in Washington's correctional system and had been paroled only a few months when he committed the instant offense. Gibson's dismal performance in previous probation and parole opportunities demonstrated little expectation of rehabilitative potential. The sentencing court gave adequate weight to the factor of rehabilitation, but protection of society, deterrence and retribution were more compelling factors in this case. *See State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987); *State v. Anderson,* 111 Idaho 121, 721 P.2d 221 (Ct.App.1986).

Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion. The judgment of conviction imposing the sentence is affirmed.