804 P.2d 933

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard James ANDERSON, Defendant–Appellant.**

**No. 18688.**

Court of Appeals of Idaho.

Dec. 24, 1990.

Petition for Review Denied Feb. 19, 1991.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Deputy, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Richard James Anderson appeals from a judgment of conviction imposing a determinate sentence of fifteen years in the custody of the Board of Correction and a $5,000 fine for sexual abuse of a child under the age of sixteen years, I.C. § 18–1506. He argues that the sentence is unduly harsh and excessive. For the reasons stated below, we affirm.

Anderson originally was charged with two counts of sexual abuse of a child under the age of sixteen years. The charges resulted from Anderson's sexual contacts with two eleven-year-old boys. Pursuant to a plea agreement, Anderson pled guilty to one count, and the state dismissed the second count.

The prosecutor recommended at the sentencing hearing that the judge impose the maximum sentence. Anderson called no witnesses and stated there were no factual inaccuracies in the presentence report, but his attorney argued on Anderson's behalf that the judge should consider the following mitigating circumstances. The incidents resulting in these charges involved only touching by Anderson. Anderson was 66 years old at the time of sentencing and had an alcohol problem. In the 1970's, Anderson was involved in a serious vehicle accident, had extensive brain surgery and lost a portion of his brain resulting in reduced brain function and memory loss. Anderson's attorney argued that because of Anderson's age and medical problems, a fifteen-year sentence would be, in effect, a death sentence to Anderson. The judge agreed with the recommendation of the prosecutor, imposed the fifteen-year sentence, and entered the judgment of conviction from which Anderson appeals.

▇▇▇ Initially, we reiterate our standard of review. A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing

judge imposed a determinate fifteen-year sentence, with credit for 162 days served prior to entry of the judgment, as well as a $5,000 fine. This sentence represents the maximum fine and the maximum period of imprisonment which could have been imposed for the offense of sexual abuse of a child under the age of sixteen years. I.C. §§ 18–112A, 18–1506(1)(c).

To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra.* The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

Anderson argues that his sentence is unreasonable upon the facts of this case in that it ignores his need for rehabilitation and is, therefore, an abuse of discretion. A review of the transcript of the sentencing hearing, however, indicates that the district court did not ignore the goal of rehabilitation. Rather, the court determined that there was "no chance" that Anderson could be rehabilitated. The district court also discussed the need for retribution, but emphasized the primary sentencing objective of protecting society. The district court, understandably, was very concerned by Anderson's lengthy criminal record which began in 1941, encompassed a variety of crimes, and included several periods of incarceration. Many of the crimes were sex offenses, and most of those involved minors. Anderson was first convicted of a sex offense in British Columbia in 1946; the record reveals subsequent convictions for offenses involving juveniles in Indiana (1948), in Oregon (1957), in California (1961), again in British Columbia (1967), and in Idaho (1984). The 1984 Idaho case involved a plea bargain, pursuant to which Anderson pled guilty to second degree kidnapping, and the state dismissed a charge of lewd and lascivious conduct with a minor. He was sentenced on the kidnapping charge to five years in the custody of the Board of Correction.

Given the circumstances in this case, Anderson has failed to show any abuse of discretion by the sentencing judge. The judge properly considered the *Toohill* sentencing criteria and expressed a well-founded concern regarding the need to protect society from Anderson's pedophilic tendencies. In light of the nature of this offense, and the character of this defendant, the sentence imposed was not unreasonable. Additionally, we note that this Court previously has affirmed judgments of conviction imposing maximum sentences where those sentences were warranted by the circumstances. *See State v. Gibson,* 116 Idaho 265, 775 P.2d 157 (Ct.App.1989) (maximum five-year sentence for aggravated assault held not excessive); *State v. Sanchez,* 115 Idaho 394, 766 P.2d 1275 (Ct. App.1988) (concurrent maximum fifteen-year sentences for attempted robbery and aggravated battery, plus fifteen-year enhancement for use of a firearm in committing the aggravated battery, held not excessive). Under our sentence review standards, even a fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence, or if the offender so utterly lacks rehabilitative potential that imprisonment until death is the only feasible means of protecting society. *State v. Eubank,* 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct.App. 1988).

Therefore, the judgment of conviction, including the sentence and fine imposed, is affirmed.