853 P.2d 603

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jose G. MOSQUEDA, Defendant–Appellant.**

**No. 20012.**

Court of Appeals of Idaho.

May 25, 1993.

Severt Swenson, Jr., of Swenson & Scoggin, Gooding, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Jose Mosqueda was denied relief on his I.C.R. 35 motion for reconsideration, and he appeals. He contends that it was an abuse of the court's discretion to deny his request for leniency in view of information that Mosqueda was a model prisoner, who was successfully rehabilitating himself during his incarceration. We affirm.

On April 23, 1991, the district court sentenced Mosqueda to (1) a unified term of five years, with two years fixed, for leaving the scene of an accident resulting in death, I.C. § 18–8007; (2) one year in jail, with credit for time served, for vehicular manslaughter, I.C. §§ 18–4006(3)(c), 18–4007(3)(b); and (3) six months in jail for driving without privileges, I.C. § 18–8001(3). The sentences were to be served consecutively. Approximately twenty-one days after the entry of the judgment of conviction and imposition of sentence, Mos-

queda filed a motion for reconsideration. No direct appeal was ever filed.

Before a hearing was held on Mosqueda's Rule 35 motion, a separate motion for credit for time served to be applied to the felony sentence was made and denied. A motion for a progress report was also made and granted; the report was submitted to the court on March 24, 1992. The Rule 35 motion was heard on May 14, 1992, one year after its filing and eight months beyond the expiration of the 120–day period in which to file such motions.[1]

In arguing for leniency, counsel requested that the court grant probation, reduce the length of Mosqueda's sentence or make the remaining jail time concurrent with the prison term. The court refused to modify the sentences and entered an order denying relief. Mosqueda appealed from this order. On June 22, 1992, he filed an amended notice of appeal to include an appeal from the judgment of conviction and sentence.

■ Initially, we note that the time for filing an appeal from the judgment and sentence expired forty-two days from the date of entry of the judgment and the imposition of sentence. I.A.R. 14. Furthermore, the filing of the Rule 35 motion more than fourteen days after the entry of the judgment does not serve to enlarge the time to file an appeal from the judgment of conviction and sentence. See I.A.R. 14. We hold that the amended notice of appeal is untimely with regard to an appeal from the judgment of conviction and sentence. Only the decision of the Rule 35 motion is within the scope of our review.

■ The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App. 1984). The *Toohill*[2] sentencing criteria

---

1. As stated in *State v. Chapman,* 121 Idaho 351, 354, 825 P.2d 74, 77 (1992), "a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120–day period expires before the judge reasonably can consider and act upon the motion.' (Citation omitted.)" However, relying on federal cases interpreting the federal rule upon which Idaho's Rule 35 is based, the Idaho Supreme Court acknowledged that if the district court does not

rule upon a Rule 35 motion within a reasonable time after the expiration of the 120–day period, the district court loses jurisdiction. *Id.*

The delay in the district court's ruling on Mosqueda's Rule 35 motion has not been raised in this appeal.

2. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

also apply to rulings on motions to reduce sentences under Rule 35. *Id.* Where an appeal is taken from the denial of a Rule 35 motion, as in this case, we review all information presented at the original sentencing hearing and at a later hearing on the motion. *Id.* If the sentence is not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Hernandez*, 121 Idaho 114, 115, 822 P.2d 1011, 1012 (Ct.App.1991).

■ At the May, 1992, hearing on the Rule 35 motion, Mosqueda provided the court with clarification that no immigration detainer was pending which would conflict with a probation order. Mosqueda's progress report from the prison showed that he was making good use of his time in prison and that he had not been written up for any misconduct or disciplinary offenses. This information supplemented the presentence investigation report which disclosed a prior charge for driving under the influence, which had resulted in a suspension of Mosqueda's driving privileges. The suspension was still in effect when Mosqueda was involved in the accident that led to his present incarceration.

The district judge's reasons to deny Mosqueda's Rule 35 motion were nearly the same as those of the original sentencing judge. It was significant that Mosqueda had disregarded the court order suspending his driving privileges and his job supervisor's directive not to drive the company vehicles during his suspension. The accident caused the death of the driver of the other vehicle, but Mosqueda had left the scene without even checking on the condition of the driver of the other vehicle. The district judge concluded that Mosqueda had fled for fear of what might happen to him, considering he was violating a court order not to drive.

The district judge concluded that the goals of deterrence and retribution supported the imposed term of a fixed two years, followed by an indeterminate term of three years. Finally, the court noted Mosqueda's progress towards rehabilita-

tion, but the court chose, as it was entitled to do, not to make rehabilitation the determining factor in ruling on the motion to reduce the sentence. *See State v. James*, 112 Idaho 239, 731 P.2d 234 (Ct.App.1986). On review of the information upon which the district judge based his ruling, we conclude that there was no abuse of discretion and uphold the denial of Rule 35 relief.

WALTERS, C.J., and SILAK, Acting Judge, concur.