858 P.2d 327

**Scott D. BEAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20233.

Court of Appeals of Idaho.

Aug. 13, 1993.

Holden, Kidwell, Hahn & Crapo, Donald L. Harris and James K. Slavens, Idaho Falls, for appellant.

Larry EchoHawk, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court denying relief on a post-conviction application under I.C. § 19–4901. The proceeding below followed a remand from previous appellate reviews conducted by this Court and by the Idaho Supreme Court in *Bean v. State*, 119 Idaho 645, 809 P.2d 506 (Ct.App.1990), and *Bean v. State*, 119 Idaho 632, 809 P.2d 493 (1991). In those decisions, the district court was directed to decide whether, in the interest of justice, a fixed life sentence imposed on the appellant, Scott D. Bean, upon his conviction for first degree murder should be vacated. The district court subsequently determined that the sentence should remain undisturbed. We reverse the order denying relief and remand this case again, with directions to vacate the previous sentence and to conduct a new sentencing proceeding.

## FACTS AND PRIOR PROCEEDINGS

The underlying facts are that Bean and a co-defendant, William Caudill, were found guilty by a jury of first degree murder, in a joint trial in Idaho Falls in 1982. During the trial, Caudill testified in his own behalf, but Bean chose not to testify. Caudill's testimony indicated that Bean was the primary culprit in causing the victim's death. Other witnesses testified to admissions made by both defendants concerning the murder, and medical evidence was offered relating to the cause of death. The evidence established that both defendants had stabbed or cut the victim in various ways.

At sentencing, the trial judge, District Judge Boyd Thomas, concluded that the death penalty should not be imposed on either defendant. Consistent with the provisions of I.C. § 18–4004, Judge Thomas sentenced each defendant to a life sen-

tence. He concluded, however, that Caudill should receive an indeterminate sentence because the evidence showed that Caudill's culpability was "slight," and that Bean should receive a fixed or determinate sentence because Bean's culpability was "great."[1] The judgments of conviction entered by Judge Thomas were later upheld on direct appeals taken by each defendant. *State v. Caudill*, 109 Idaho 222, 706 P.2d 456 (1985); *State v. Bean*, 109 Idaho 231, 706 P.2d 1342 (1985).

Less than a month after the Idaho Supreme Court affirmed the convictions, Caudill wrote to a local newspaper and admitted he had lied during the trial concerning the relative complicity of him and Bean. Shortly thereafter, in May, 1985, Bean filed a petition for post-conviction relief, asking for vacation of his conviction and of his sentence, predicated on Caudill's recantation. Bean asserted his claim under I.C. § 19–4901(a)(4) which allows post-conviction relief if "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interests of justice. . . ."

Bean's counsel subsequently took Caudill's deposition. This new testimony revealed Caudill's changed version of the events surrounding the murder. It indicated that Caudill had played a much greater role than Bean in the incident from that reported at their trial. However, the district court, Judge H. Reynold George, who took over the case because Judge Thomas had retired from office after entering Bean's judgment of conviction, concluded that notwithstanding Caudill's recantation, Bean's conviction should not be set aside.

Bean appealed and the case was assigned to the Court of Appeals. We upheld Judge George's decision not to set aside Bean's conviction. However, we further held that Judge George had failed to expressly decide whether Bean's sentence should be changed in the interest of justice, noting

that Judge George did not rule on whether Caudill's recantation was material to the sentence imposed on Bean. 119 Idaho at 648, 809 P.2d at 509. We noted that the only change possible would be to make the sentence indeterminate life rather than fixed life. 119 Idaho at 648, n. 5, 809 P.2d at 509, n. 5. Our opinion remanded the case to the district court to determine "whether Caudill's recantation is material to [Bean's] sentence and, if so, whether justice requires the sentence to be changed." 119 Idaho at 649, 809 P.2d at 510.

Thereafter, the state requested and obtained a review by the Supreme Court of the disposition made in the case by the Court of Appeals. On that review, the Supreme Court affirmed the decision of the Court of Appeals but added an additional point to be decided by the district court, namely, whether Caudill's testimony—if material to Bean's sentence—was true. 119 Idaho at 632, 809 P.2d at 493. The case then proceeded once again in the district court; this time before District Judge Ted V. Wood, who was assigned to the case due to Judge George's retirement from office in the interim.

## CONCLUSIONS BELOW

Following remand, Judge Wood heard arguments on the parties' motions for summary judgment on the issue of the possible change of Bean's sentence. Consistent with the directives announced in the preceding post-conviction appellate decisions, Judge Wood resolved two preliminary inquiries. First, he held that Caudill's recantation was material to the sentence imposed by Judge Thomas. Second, he found that the new testimony contained in Caudill's deposition was true.

Judge Wood next turned to the question of changing Bean's sentence in the interest of justice. He initially noted that there was no standard espoused by the Supreme Court to guide the trial court in deciding

---

1. Bean's sentence was imposed under former I.C. § 19–2513A (later repealed, 1986 Idaho Sess. Laws, ch. 232, § 4, p. 640). As a "fixed" sentence under that section, Bean would serve the entire term in confinement without release on parole. *State v. Rawson*, 100 Idaho 308, 597 P.2d 31 (1979).

when, in light of newly discovered evidence, a sentence should be vacated in the interest of justice. Judge Wood decided that, without such guidance from the appellate courts on this point, a sentence would require vacation under these circumstances if the original sentence was unreasonable.

Judge Wood proceeded to review the evidence in the transcript of the trial held before Judge Thomas, taking into account also the recantation and new testimony presented by Caudill's deposition. He concluded that the evidence showed it was Bean who had administered the stab wounds causing the victim's death. Accordingly, he held that Bean's culpability in the offense remained "significant." Judge Wood then reviewed Bean's character and determined that Bean severely lacked rehabilitative potential at the time he was sentenced by Judge Thomas. Applying this Court's observations in *State v. Anderson*, 119 Idaho 204, 206, 804 P.2d 933, 935 (Ct.App.1991) and *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct.App.1988), where we expressed the view that a fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence or if the offender so utterly lacks rehabilitative potential that imprisonment until death is the only feasible means of protecting society, Judge Wood concluded that because Bean posed a substantial risk to the public, the sentence imposed by Judge Thomas was not unreasonable and the interest of justice did not require the sentence to be changed.

## ISSUES

On this appeal, Bean contends that the standard selected by the district court, i.e., whether the sentence imposed by Judge Thomas was reasonable, was not the one which should apply in determining if Bean's sentence should be changed in the interest of justice. He also argues that, even if the standard chosen by the district court was correct, his sentence nonetheless was unreasonable. He also asserts that the post-conviction claim should not have been resolved by summary judgment because there were genuine issues of material fact requiring an evidentiary hearing on the question of who, as between Caudill and Bean, actually caused the victim's death. Finally, he challenges the court's findings that Bean's participation in the murder was "significant," and that Bean lacked rehabilitation potential at the time he was sentenced by Judge Thomas.

Resolution of the issues raised in this case clearly depends on our determination of whether the district court applied the correct standard. If, as we do conclude, the court applied the wrong standard, then this case must be remanded and all other challenges raised by Bean need not be addressed.

## ARGUMENTS AND ANALYSIS

Bean argues that Judge Thomas clearly was influenced by Caudill's trial testimony because he found that Bean's culpability was "great," while Caudill's culpability was "slight," a conclusion consistent with that testimony. Bean next argues that Judge Wood should not have applied the "unreasonable" sentence test but instead should have focused on whether Caudill's perjurious testimony affected the outcome. He asserts that the outcome—a sentence based on the apparent relative culpability of the two defendants as established through Caudill's recanted trial testimony—placed too much weight and credibility on information tainted by perjury. Essentially, Bean asserts that the "reasonableness" of the sentence imposed by Judge Thomas is an immaterial inquiry and that he should simply be sentenced anew.

In response, the state argues that Judge Wood complied with the pronouncements of the appellate courts. According to the state, Judge Wood was directed to reconsider the sentence and to determine whether justice would be best served by a modification of the sentence. In short, the state postulates, the district judge on remand was to substitute his own judgment about what sentence should be imposed in place of the one given by Judge Thomas. The state points out that, in determining the reasonableness question, Judge Wood in

fact went through all the steps ordinarily taken in arriving at an appropriate sentence, applying the criteria expressed in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and *Anderson* and *Eubank, supra,* including the proposition that deference should be given to the decision of the sentencing judge where nothing more could be said of the sentence than that reasonable minds might differ as to whether the term of confinement was appropriate. The state essentially suggests that even if Bean were sentenced anew by Judge Wood, the judge already has indicated that a fixed life sentence was appropriate in light of the newly discovered evidence represented by Caudill's recantation.

While the state's prediction of an eventual outcome may be accurate, we are nevertheless persuaded that Judge Wood's focus on the reasonableness of the sentence imposed by Judge Thomas was an incorrect approach. We cannot overlook the fact that the sentence chosen by Judge Thomas was based upon erroneous information concerning Bean's complicity in the crime. In this regard, we believe Judge Wood erred by essentially applying a standard of appellate review—determining the reasonableness of the sentence—rather than focusing on the fairness of the procedure under which the sentence was imposed. In considering resentencing, Judge Wood should not have limited the exercise of his own judicial discretion by applying a standard of restraint applicable to appellate courts who may not disturb a sentence unless it is excessive under any reasonable view of the facts.

The parties have not cited to us, nor does our independent research disclose, any authority suggesting the result which should obtain when an applicant seeks to have his sentence vacated in the interest of justice because of recanted testimony material to the sentence imposed. Bean argues, however, that an analogy can be found in cases addressing whether a new trial should be granted on the ground of recanted testimony as *newly discovered* evidence. We think his point is well taken. Our Supreme Court has held that

where a defendant submits an affidavit by a government witness in which the witness recants his testimony and specifies in what ways he dishonestly testified and in what ways he would, if given the opportunity to testify again, change that testimony and where a defendant makes a showing that such changed testimony may be material to a finding of his guilt or innocence, a new trial should be held.

*State v. Scroggins,* 110 Idaho 380, 385, 716 P.2d 1152, 1157 (1986), *cert. denied,* 479 U.S. 989, 107 S.Ct. 582, 93 L.Ed.2d 585 (1986). In *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (Ct.App.1986), this Court noted the use of the word "material" by the court in *Scroggins,* when used in the context of a recantation. We determined that "[t]estimony is material if it reasonably could have affected the outcome." 112 Idaho at 152, 730 P.2d at 1072. We then concluded that the proper test for determining a motion for new trial based upon recanted testimony "is not whether the recantation of testimony *probably would* produce an acquittal; it is whether the recantation *reasonably could* affect the outcome." 112 Idaho at 153, 730 P.2d at 1073 (emphasis original). The supportive reasoning in *Lawrence* later was quoted and relied upon by our Supreme Court in *State v. Lankford,* 116 Idaho 860, 873–74, 781 P.2d 197, 210–11 (1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990).

In like vein, it would appear that a new sentencing proceeding should be held in the instant case if the recanted testimony reasonably could have affected the sentencing decision arrived at by Judge Thomas. That the false testimony affected Judge Thomas' determination of an appropriate sentence cannot be seriously disputed; it was upon this false evidence that Judge Thomas concluded Bean's culpability was "great" while Caudill's was "slight." Had the true facts been known to Judge Thomas, he may have chosen to impose upon Bean an indeterminate, rather than fixed, life sentence. Under these circumstances, the remedy sought by Bean—seeking a vacation of his sentence in the interest of

justice—was appropriate. It follows that Bean's sentence should have been set aside and he should have been resentenced by the district court based on current information without regard to the original sentencing decision reached by Judge Thomas, inasmuch as that previous decision was tainted by perjurious and erroneous information thought correct at the time.

## CONCLUSION

Accordingly, we reverse the order of the district court denying relief. We remand this case with directions to vacate the previous sentence in the interest of justice and to conduct a new sentencing proceeding.

LANSING and PERRY, JJ., concur.