947 P.2d 1011

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Allan E. HILLS, Defendant–Appellant.**

**No. 23624.**

Court of Appeals of Idaho.

Nov. 7, 1997.

---

John M. Adams, Kootenai County Chief Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

Allan E. Hills appeals from his judgment of conviction and sentence for felony driving under the influence (DUI). I.C. § 18–8004, –8005(5). Hills also appeals from the denial of his I.C.R. 35 motion for reduction of sentence. For the reasons stated below, we affirm.

On December 13, 1996, Hills pled guilty to one count of felony DUI. The district court ordered Hills committed to the custody of the Board of Correction for a unified term of four years, with a minimum period of confinement of one year. Hills then filed a Rule 35 motion. The district court denied the Rule 35 motion without a hearing. Hills appealed.

Where a sentence is within the statutory limits, as in this case, the sentence will not be reversed on appeal absent an abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In evaluating the reasonableness of a sentence, both our standard of review and the factors to be considered are well-established. *State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991). *See also Toohill*, 103 Idaho 565, 650 P.2d 707. In this case, we examine the minimum period of confinement of one year in evaluating the reasonableness of Hills' sentence. *See State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

From our review of the record, it is apparent that the district court fashioned the sentence taking into account Hills' criminal history, including at least seven DUIs and two felony convictions for possession of controlled substances, as well as the four sentencing objectives of punishment, deterrence, rehabilitation and the protection of society. We conclude that the sentence imposed does not represent an abuse of the district court's discretion.

Next, we review whether the district court erred in denying Hills' Rule 35 motion without a hearing. We acknowledge that the language of Rule 35 permits the court to consider and determine the motion without admitting additional testimony and

without hearing oral argument; however, the court may in its discretion order otherwise. The decision whether to conduct a hearing on a Rule 35 motion is directed to the sound discretion of the trial court. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Hoffman,* 112 Idaho 114, 115, 730 P.2d 1034, 1035 (Ct.App.1986); *State v. James,* 112 Idaho 239, 242, 731 P.2d 234, 237 (Ct.App.1986). A trial court abuses its discretion on whether to hold a hearing on a Rule 35 motion when it unduly limits information considered in deciding the motion. *James,* 112 Idaho at 242, 731 P.2d at 237.

Hills' Rule 35 motion was a plea for leniency and did not set forth any new information. Hills did state in his motion that he requested a hearing "to present oral argument and/or testimony in support of the foregoing motion." On appeal, Hills argues that the district court abused its discretion in denying his motion without a hearing. Hills, however, has not stated any reason why he could not have presented the desired evidence through affidavits which could have been filed with his motion. We conclude that the district court acted within its discretion in denying Hills' Rule 35 motion without a hearing.

We affirm the judgment of conviction and sentence of one to four years.

LANSING, C.J., and SCHWARTZMAN, J., concur.