839 P.2d 1244

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Francisco RAMIREZ, Defendant–Appellant.**

No. 19494.

Court of Appeals of Idaho.

Oct. 5, 1992.

Robert M. Taisey, Jr., Weiser, for appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

Francisco Ramirez entered an *Alford* [1] plea to a charge of leaving the scene of an accident resulting in injury, I.C. § 18–8007, a felony. Ramirez was subsequently sentenced to a unified term of five years in prison with four years fixed. After sentencing, Ramirez filed two motions, one to withdraw his plea and the other for a reduction of sentence. The district court, without a hearing, denied the motion for reduction of sentence. After a hearing, the district court also denied Ramirez's plea withdrawal motion. Ramirez appeals asserting that the district court abused its discretion in denying his motions. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case arose out of events that transpired at about 1:00 a.m. on September 29, 1990. Ramirez and a friend, Romero Ixta, had become involved in an argument with James Baker in a bar in Weiser, and were asked to leave. Baker followed the two men outside and began to fight with Ixta. The fight lasted only a few moments before Baker went back inside the bar to get his friend, John Schmitz, to come and help him in the fight. Schmitz and Baker's wife, Angel Baker, then came outside and followed Ramirez and Ixta to the point where they had gone across the street. Ramirez left the scene and went to where his truck was parked in a nearby lot, and Baker, with Schmitz, again began to fight with Ixta. Ramirez got in his truck and drove it toward the spot where Baker and Schmitz were kicking and punching Ixta, who was then on the ground. Before reaching the location where the fight was

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 91    S.Ct. 160, 27 L.Ed.2d 162 (1970).

occurring, Ramirez stopped to wait for a person to cross the street in front of him. There is conflicting testimony as to what Ramirez did after the person finished crossing the street.

A number of witnesses stated that after the person finished crossing in front of Ramirez, Ramirez accelerated his truck and turned it left across the street, up over the curb, and into the group of people consisting of Baker, Schmitz, Ixta, and Mrs. Baker. These witnesses further state that both Baker and Schmitz jumped out of the way but Ixta and Mrs. Baker were hit by the truck and slammed into the doorway of a building, both sustaining serious injuries.

Ramirez and other witnesses asserted that after Ramirez allowed the person to cross the street, Ramirez started to leave by proceeding up the street when both Baker and Schmitz left from beating Ixta and ran to Ramirez's truck, reaching through the truck windows and grabbing Ramirez as he attempted to drive away. Ramirez asserts that during this struggle he was grabbed around the neck, causing the truck to turn left across the street and into Ixta and Mrs. Baker.

It is undisputed that after Ramirez's truck struck Ixta and Mrs. Baker, James Baker reached through the window of the truck and grabbed Ramirez as Ramirez accelerated the truck in reverse with the wheel still turned to the left so that the truck went backwards in a complete half circle, causing Baker to let go and then smashing the rear of the truck into another building on the same side of the street. Ramirez then fled the scene by driving forward and making a left-hand turn back onto the street, which turn was so wide that he struck a motorcycle and a no-parking sign on the far side of the street as he drove away.

Ramirez soon passed a police officer who was responding to a call about the fight outside the bar. The police officer, who noticed that Ramirez was driving away from the direction of the reported incident without any headlights on, turned and pursued Ramirez with his lights flashing. When Ramirez attempted to speed away from the officer, the officer activated his siren and continued to pursue. The officer's report reveals that in his attempt to flee, Ramirez overran a turn with his truck, drove through a yard, struck a house, and ran over a large bush. As the truck was reentering the roadway, Ramirez jumped from the truck and escaped by jumping over a fence and fleeing through the back yards of some residences. Ramirez's truck came to a stop in the middle of the street.

The next day Ramirez was arrested in Boise, and a complaint was filed charging him with aggravated battery of Romero Ixta. A separate complaint was later filed charging Ramirez with aggravated battery of Angel Baker. Ramirez was bound over for trial in both cases.

Initially, Ramirez pled not guilty to each of the charges; however, Ramirez later entered into a plea agreement in which the state agreed to dismiss the aggravated battery charges in return for Ramirez's plea of guilty to a single felony charge of leaving the scene of an accident resulting in injury. Later, Ramirez pled guilty to the single reduced charge in order to avoid the possibility of being found guilty of two counts of aggravated battery. The aggravated battery charges carried a maximum sentence of fifteen years each, while the charge of leaving the scene of an accident resulting in injury carried a maximum of five years and a $5,000 fine. At the change of plea hearing, Ramirez acknowledged that there was a sufficient factual basis in the evidence to convict him of either charge, but denied that he had the requisite criminal intent—knowledge or reason to know that anyone had been injured as a result of the accident. I.C. § 18–8007(1).

The district court accepted Ramirez's guilty plea, ordered a presentence investigation report (PSI), and scheduled a sentencing hearing. At the sentencing hearing the state presented no evidence, while Ramirez introduced testimony from five witnesses and made a statement on his own behalf. At the conclusion of the hearing, the court sentenced Ramirez to a minimum period of four years in the custody of the

Board of Correction, followed by an indeterminate period of one year.

After sentencing, Ramirez filed a motion to withdraw his guilty plea. Along with his motion, Ramirez filed an affidavit stating that he had agreed to plead guilty to the reduced charge based on his previous counsel's representation that he would receive a much lighter sentence than the one he actually received, and reasserting his claim that the accident was caused by the fact that he was attacked while driving his truck, not as a result of any volitional act on his part.

Ramirez also filed a motion for reduction of sentence under I.C.R. 35. The district court denied Ramirez's request for a hearing on the motion, but allowed Ramirez to submit a number of affidavits in support of his motion. The district court denied Ramirez's motion for reduction of sentence.

The district court thereafter heard argument on Ramirez's plea withdrawal motion. At the hearing Ramirez's counsel argued that Ramirez should be allowed to withdraw his plea because the court had failed to ascertain whether there was a factual basis for the plea, and because Ramirez did not clearly express his desire to enter a guilty plea despite his professed innocence. The district court denied Ramirez's plea withdrawal motion, concluding that there was a factual basis for the plea in that it was undisputed that Ramirez fled the scene after he drove his truck onto the sidewalk and into a group of people, seriously injuring two people. The court also noted that Ramirez had a substantial incentive to enter the plea because the state had agreed to dismiss the two aggravated battery charges which each carried a maximum sentence of fifteen years.

**2.** The crime of leaving the scene of an accident resulting in injury is set forth in part as follows:
**Leaving scene of accident resulting in injury or death.—**
(1) The driver of any vehicle that has been involved in an accident, either upon public or private property open to the public, who knows or has reason to know that said accident has resulted in injury to or death of any person shall:

## ANALYSIS

### 1. *Denial of Motion to Withdraw Plea.*

The standard of review on appeal in cases where a defendant has attempted to withdraw a guilty plea is whether the district court abused its discretion in denying the motion. *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). The defendant bears the burden of showing that the district court abused its discretion and that withdrawal of the plea should have been allowed. *Id.* The trial court's discretion to grant or deny a plea withdrawal motion is affected by the timing of the motion. A motion made after sentencing may be granted only to correct manifest injustice, I.C.R. 33(c), while a less rigorous standard applies when the motion is made prior to sentencing. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). Because he moved to withdraw his plea after sentencing, Ramirez must demonstrate that the motion should have been granted to correct a manifest injustice. Ramirez claims that it was manifestly unjust to deny the withdrawal of his guilty plea because the trial court failed to ascertain whether there was a factual basis for the guilty plea to the charge of leaving the scene of an accident resulting in injury,[2] and therefore his plea was unconstitutional. Accordingly, we must determine whether Ramirez's plea was valid.

"Before a trial court accepts a plea of guilty in a felony case, the record must show that the plea has been made knowingly, intelligently and voluntarily, and the validity of a plea is to be determined by considering all the relevant circumstances surrounding the plea as contained in the record." *Carrasco*, 117 Idaho at 297–98, 787 P.2d at 283–84, *citing State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

(a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible....
(b) Remain at the scene of the accident until the driver has fulfilled all the requirements under this section.
....
(e) Render to any person injured in the accident reasonable assistance....
I.C. § 18–8007.

In *Carrasco,* the Court further explained that whether a plea is entered voluntarily and knowingly is determined by a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. *Id.*

In the case of an *Alford* plea, another requirement exists in addition to those enumerated above.

> [A]n accused may voluntarily consent to the imposition of a prison sentence despite a professed belief in his or her innocence, as long as a factual basis for the plea is demonstrated by the state, and the accused clearly expresses a desire to enter such a plea. In Idaho, there is no general obligation to inquire into the factual basis of a guilty plea. However, such an inquiry should be made if an *Alford* plea is accepted, or if the court receives information before sentencing which raises an obvious doubt as to guilt.

*Amerson v. State,* 119 Idaho 994, 996, 812 P.2d 301, 303 (Ct.App.1991) (citations omitted). Ramirez claims that his plea was invalid because he entered an *Alford*-type plea, and the trial court failed to conduct an adequate inquiry into the factual basis of the plea before accepting it.

In *State v. Hoffman,* 108 Idaho 720, 701 P.2d 668 (Ct.App.1985), this Court stated:

> It is well settled that if a defendant pleads guilty while denying a particular element of the offense, such as intent, the plea nevertheless may be accepted if there is a strong factual basis for it.

> A strong factual basis need not be established by proof beyond a reasonable doubt. A guilty plea is not the occasion for a mini-trial of the case. Rather, the object of ascertaining a factual basis is to assure that the defendant's plea is made knowingly, intelligently and voluntarily.

108 Idaho at 722, 701 P.2d at 670 (citations omitted). By determining that a strong factual basis for the plea exists, the trial court ensures that the defendant is pleading guilty because he believes that the state could, and more likely than not would, prove the charges against him beyond a reasonable doubt; and thus the defendant is entering the plea knowingly and voluntarily because he believes it to be in his best interests to do so, despite his continued assertion of innocence.

■ In determining whether a factual basis for a guilty plea exists, we look to the entire record before the trial judge at the time the plea was accepted. *Fowler v. State,* 109 Idaho 1002, 1005, 712 P.2d 703, 706 (Ct.App.1985). In this case the trial judge who accepted Ramirez's plea was not the same judge who presided over the preliminary hearing, and there is no indication that the trial judge obtained or reviewed a transcript of the preliminary hearing. However, based solely on the information ascertained by the judge at the change of plea hearing, we conclude that the judge did ascertain that there was a strong factual basis for the plea, and that Ramirez did enter his plea knowingly and voluntarily.

The record shows that at the change of plea hearing, Ramirez conceded that he did hit the victims with his truck and that he subsequently fled the scene. The following colloquy occurred during the change of plea hearing:

> COUNSEL FOR RAMIREZ: Mr. Ramirez does not contest that he hit the people with his [truck] and he fled the scene. The part we have difficulty with is his state of mind. He has from the beginning—he did not know that he hit the people. But he also recognizes the type of charges that have been brought as far as this one and believes based on counsel's advice to him and witnesses and evidence against him that he should plead guilty in this case.

> THE COURT: Are you satisfied there is a factual basis to support a plea of guilty to this charge?

> COUNSEL FOR RAMIREZ: Yes, Your Honor.

THE COURT: The Court will accept the defendant's plea of guilty to leaving the scene of an accident. I find this is a knowing and voluntary plea.

The above quotation demonstrates that Ramirez understood the intent element of the charge he was pleading to, that he had considered the more serious aggravated battery charges brought against him, and in light of his counsel's advice and the witnesses and evidence against him, Ramirez desired to plead guilty to the reduced charge of leaving the scene of an accident resulting in injury. Clearly, there was a factual basis for the plea. Ramirez did not dispute that he ran into the people, that the people were injured, and that he immediately fled from the scene without stopping to determine whether someone was injured in the accident. Based on these facts, which were before the trial court, there was a strong factual basis upon which a jury could have concluded that Ramirez knew or should have known that people were injured in the accident, and that he was guilty as charged.

Based upon our review of the record, we are persuaded that the trial judge made sufficient inquiry to determine that there was a factual basis for Ramirez's plea, and that Ramirez did enter his plea knowingly and voluntarily. Because Ramirez's plea was valid, we hold that withdrawal of the plea was not necessary to correct a manifest injustice, and the trial court did not abuse its discretion in denying Ramirez's motion to withdraw his plea.

▬▬ 2. *Denial of Motion for Reduction of Sentence.* A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). Such a motion essentially is a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). The denial of a motion for reduction will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria for reviewing the denial of a motion for reduction are the same as those applied in determining whether the original sentence was reasonable. *Lopez*, 106 Idaho at 450, 680 P.2d 869, 872. A sentence of confinement is reasonable if it appears at the time of sentencing that such confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In reviewing a particular sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

▬▬ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Ramirez's actual term of confinement as four years. In order to establish that his sentence is unreasonable, Ramirez must show that, in light of the governing criteria mentioned above, his four year sentence is excessive under any reasonable view of the facts. *State v. Small*, 107 Idaho 504, 505, 690 P.2d 1336, 1337 (1984). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

Prior to sentencing Ramirez, the trial judge received a PSI which included the statements of various witnesses to the accident. The court also heard testimony from a number of witnesses at the sentencing hearing. At the conclusion of the hearing, the judge stated that he believed that Ramirez drove his truck into the group of people, and that the accident did not occur as a result of Ramirez being attacked in his truck as he was attempting to leave.

There is substantial competent evidence in the record to support this finding. The record before the judge also included evidence that two individuals were struck by Ramirez's truck, both of whom sustained serious injuries requiring surgical treatment, one of whom lost an arm; that after striking the victims Ramirez placed his truck in reverse and smashed into a wall, throwing from the truck a person who was trying to grab him; that Ramirez then pulled forward and knocked over a motorcycle and a no-parking sign as he fled from the scene with his headlights off; that Ramirez led a police officer on a high-speed chase; that Ramirez eluded capture by abandoning his truck while it was still moving and fleeing through a residential area; and that Ramirez fled to Boise the next morning after being told that two people had either died or been seriously injured in the accident.

The record also shows that this accident occurred shortly after Ramirez had been released from prison where he had served three years and eight months of an indeterminate five-year sentence for involuntary manslaughter. Ramirez, who was in the country illegally, was ordered not to return to the United States when he was released from prison; however, when the current crime was committed a little more than two months after his release, Ramirez was again in the country illegally. Based on this evidence we cannot say that the sentencing judge abused his discretion by sentencing Ramirez to four years in prison.

To support his motion for reduction of sentence, Ramirez has argued that his sentence is excessive because extenuating circumstances contributed to the accident and because he did not know and could not know in the exercise of reasonable diligence that injuries resulted from the accident. We find his arguments unpersuasive because, as mentioned above, the sentencing judge determined that prior to striking the victims, no one attacked Ramirez in his truck and caused him to run into the victims. In addition, Ramirez's second argument, that he did not know, and through the exercise of due diligence could not have known, that injuries had resulted from the accident, is wholly unsupported and contradicted by the evidence in the record.

Ramirez also asserts that the district judge abused his discretion and violated Ramirez's constitutional right to due process by refusing to conduct a hearing on the motion to reduce, and by refusing to allow Ramirez to be present and testify at such hearing. This Court has previously held that while a defendant is entitled to be present at sentencing and at resentencing when a prior invalid sentence is corrected, no such right exists on a motion to reduce a sentence. *State v. James*, 112 Idaho 239, 242, 731 P.2d 234, 237 (Ct.App.1986). "Indeed, the decision whether even to conduct a hearing on a Rule 35 motion has always been discretionary with the district court." *Id.*[3] A trial court abuses its discretion on whether to hold a hearing on a Rule 35 motion when it unduly limits information considered in deciding the motion. *James*, 112 Idaho at 242, 731 P.2d at 237. Ramirez has failed to show that the district court unduly limited the available information in this case. Ramirez does not even identify what evidence he might have produced at a hearing that he was unable to produce through the affidavits which were submitted. Accordingly, we conclude that the district court did not abuse its discretion in refusing to hold a hearing and to allow Ramirez to be present at such hearing on Ramirez's Rule 35 motion.

### CONCLUSION

Based on the facts and reasoning set forth above, we affirm the district court's denial of Ramirez's motion to withdraw his plea and his motion to reduce his sentence.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**3.** Idaho Criminal Rule 35 provides:
Motions to correct or modify sentences under this rule ... shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion....