949 P.2d 1072

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Eric Scott BROWN, Defendant-Appellant.**

No. 23065.

Court of Appeals of Idaho.

Dec. 8, 1997.

Grand Theft by Possession of Stolen Property, I.C. §§ 18–2403, 2407.

The charges stem from a one-day incident on April 26, 1995, in which the seventeen-year-old Brown and his fifteen-year-old accomplice escaped from the Mountain Home Detention Center, stole a pick-up, and fled to Mann Creek in the Payette National Forest near Weiser. Leaving the pickup at the side of the road, Brown and his accomplice were walking down the road when they came upon David J. Wheeler, a civil engineer who was inspecting bridges in the area. The boys asked Wheeler for a drink of water, but when Wheeler leaned into the pickup to get the water, Brown shot Wheeler once in the back of the head with a .357 magnum handgun. Brown then stole Wheeler's wallet, some clothing and other items from the pickup.

On May 20, 1996, the district court imposed an indeterminate sentence of life imprisonment, with thirty years fixed, for the first degree murder, and five years, with two years fixed, for the grand theft. Notice of appeal was filed on June 18, 1996.[1] Thereafter, Brown filed a motion for reduction of sentence, pursuant to I.C.R. 35, on September 4, 1996. His motion acknowledged that the district court "took substantial testimony and had before it a presentence investigation." Brown asserted "that the sentence is unduly harsh based upon the circumstances and that circumstances dictate that the sentence be revisited for the purpose of reduction." Brown also requested a hearing for the purpose of producing additional testimony in regard to reduction of his sentence, or in the alternative, additional time to produce affidavits in support of his motion for Rule 35 relief. The state filed an answer in opposition to his motion and request for a hearing. On September 26 Brown filed a response requesting argument on his motions prior to the court's ruling on the Rule 35 motion itself. The district court, however, summarily dismissed the Rule 35 motion on October 7, 1996. Brown also appeals this order, asserting that the district court's failure to grant the Rule 35 motion constitutes an abuse of discretion and that he was denied

Bert L. Osborn, Payette, for appellant.

Alan G. Lance, Attorney General, Kevin J. Wladyka, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Eric Scott Brown pled guilty to First Degree Murder, I.C. §§ 18–4001, 4003, and

---

1. The sentence imposed for grand theft is not an issue on this appeal.

due process of law when his motion was summarily dismissed without a hearing or time for filing affidavits. Brown further argues that he was denied effective assistance of counsel at the sentencing hearing.

## A. Sentence Review.

■ Where a sentence is within statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

> "[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.
>
> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria."

*Broadhead,* 120 Idaho at 145, 814 P.2d at 405, *quoting State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). With respect to sentences imposed under the Uniform Sentencing Act, "the minimum period [of confinement] generally will be treated as the probable measure of confinement for the pur-

pose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time." *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Brown's minimum period of confinement is thirty years. Accordingly, Brown must demonstrate that this thirty-year period was an abuse of the district court's discretion.

■ In examining the nature of Brown's offense, we find that with the possible exception of his age, nothing militates in favor of a lesser sentence. This random act of appallingly senseless violence was an atrocious and sickening crime. Wheeler was shot at close range by a very powerful handgun, and by his plea of guilty to first degree murder Brown has admitted that he did deliberately and with malice aforethought kill the victim. Furthermore, the district court conducted an extensive hearing which included voluminous testimony. Following this hearing, as part of its extremely detailed sentencing summation, the district court noted the danger to society posed by Brown:

> [T]here are indicators that if something is not done by professionals, some type of intervention in your life, Mr. Brown, that you will develop into that kind of person [a sociopath]. And that's why you're such a danger to be released, because we know those types of people are dangerous, commit violence, repeat offenses, manipulate.... [Y]ou're always going to have a problem. You're always going to need to be supervised.
>
> . . . .
>
> ... Mr. Brown, you do as we've already stated, pose a lifetime risk to society.

Furthermore, the district court was particularly appalled by the fact that Brown had been "bragging" and "boasting" in jail about killing Wheeler. The court found that Brown was a "cold blooded killer," and that "there is a danger to society that [Brown] will kill again."

Therefore, the court had to "try to do something that [was] appropriate in this totally senseless loss of life" in which the victim's wife and two young children lost a husband and father solely because of Brown's random act of unprovoked violence. Accordingly, we hold that the district court did not abuse its discretion when it ordered Brown to serve a fixed term of 30 years as part of his indeterminate life sentence.

## B. The Rule 35 Motion For Reduction of Sentence.

■ A Rule 35 motion is basically a plea for leniency, with the decision of whether to reduce a sentence being committed to the sound discretion of the trial court. *State v. Wersland,* 125 Idaho 499, 504, 873 P.2d 144, 149 (1994). We review such a decision for abuse of discretion. *State v. Araiza,* 124 Idaho 82, 95, 856 P.2d 872, 885 (1993). The appellate court's responsibility, when considering the denial of a Rule 35 motion, is to examine the record before it, including any evidence presented in connection with the motion, to determine whether the trial court abused its discretion in denying the leniency requested. *Wersland,* 125 Idaho at 504, 873 P.2d at 149. If the original sentence was not excessive when imposed, the defendant must demonstrate that it is excessive in light of new or additional evidence presented with the motion to reduce. *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct. App.1991). In the absence of such a showing, we cannot say that denial of the motion represents an abuse of discretion. *State v. Springer,* 122 Idaho 544, 545, 835 P.2d 1355, 1356 (Ct.App.1992).

■ As noted above, we have reviewed the record and found an abundance of evidence which supports the district court's imposition of a life sentence with thirty years fixed. Moreover, there is no indication in this record that Brown could have provided anything new and material for the district court to review after his extensive sentencing hearing. Thus, we conclude that the district court did not abuse its discretion in denying Brown's motion for reduction of sentence.

## C. Dismissal Of The Rule 35 Motion Without A Hearing: Due Process.

Brown also argues that he was denied due process of law when his motion for Rule 35 relief was summarily dismissed without a hearing "or time for filing affidavits." Brown's motion for Rule 35 relief was filed on September 4, 1996, and the court's order denying the motion (and a hearing thereon) was filed on October 9, 1996.

■ The decision whether or not to even conduct a hearing on a Rule 35 motion has always been discretionary with the trial court. *State v. Ramirez,* 122 Idaho 830, 839 P.2d 1244 (Ct.App.1992); *State v. James,* 112 Idaho 239, 242, 731 P.2d 234, 237 (Ct.App. 1986). It is also within the court's discretion to hear testimony or argument on the motion. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976). In this regard, a trial court may summarily dismiss a Rule 35 motion ex parte without argument, hearing, or waiting for a requested progress report. *See State v. Findeisen,* 119 Idaho 903, 811 P.2d 513 (Ct.App.1991). A trial court only abuses its discretion on a Rule 35 motion when it unduly limits information considered in deciding the motion. *James,* 112 Idaho at 242, 731 P.2d at 237. Five weeks passed between the filing of the motion and the district court's decision; during that period, no supporting affidavits were ever filed. Over four months had elapsed from the date of sentencing, yet nothing specific was ever tendered to the trial court other than the bare Rule 35 motion. Brown has failed to show that the district court unduly limited the available information in his case. Nor does he, to this day, identify what evidence he might have produced or submitted by way of affidavits.

Accordingly, we find no abuse of discretion in the district court's dismissal of Brown's Rule 35 motion without a hearing or further argument. *See Ramirez,* 122 Idaho at 836, 839 P.2d at 1250.

## D. The Ineffective Assistance Of Counsel Claim.

■ Brown also contends that he was denied effective assistance of counsel because

two attorneys had been appointed to represent him, but only one attorney was present at the sentencing hearing.

Claims for ineffective assistance of counsel should almost invariably be brought through an application for post-conviction relief. *See* I.C. 19–4901; *Smith v. State,* 129 Idaho 162, 165, 922 P.2d 1088, 1091 (Ct.App. 1996). However, if it is clear from the record that trial counsel was ineffective, the claim may be properly raised on appeal. *State v. Gittins,* 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct.App.1996); *see also, State v. Allen,* 123 Idaho 880, 882, 853 P.2d 625, 627 (Ct.App. 1993) ("ineffective assistance is an issue rarely appropriate to a direct appeal ... it is usually reserved to post-conviction relief proceedings, where a more complete evidentiary record can be developed.").

Unlike *Allen,* this case does not present the rare situation where the adequacy of trial counsel's performance can be determined by simply reviewing the available transcripts. Accordingly, we will not address the issue further.

### E. Conclusion

The judgment of conviction and sentence imposed upon Brown for first degree murder is affirmed.

LANSING, C.J., and PERRY, J., concur.