# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48904

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 7, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PETER FRANKLIN GOULLETTE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for felony vehicular manslaughter, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Peter Franklin Goullette appeals from his judgment of conviction for felony vehicular manslaughter. Goullette alleges the district court erred by failing to ensure there was a strong factual basis for his *Alford*[1] plea, and failed to inquire after there was obvious doubt as to his guilt during sentencing. The State responds the record supports that there was a strong factual basis for the plea, and that contradicting evidence does not suggest obvious doubt as to guilt during sentencing. The district court did not err because the record shows there is a strong factual basis for Goullette's plea and Goullette did not provide information that showed obvious doubt of his guilt. The judgment of conviction for felony vehicular manslaughter is affirmed.

---

[1] *North Carolina v. Alford,* 400 U.S. 25, (1970).

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2016, Goullette was driving with his minor child in the backseat. Goullette struck two pedestrians, killing one and injuring the other. Goullette admitted to responding officers that he was looking towards the back seat of his vehicle immediately before the collision. The State charged Goullette with felony vehicular manslaughter, alleging Goullette drove in "a grossly negligent manner" by exceeding the posted speed limit (twenty-five miles per hour), exceeding a reasonable and prudent speed, failing to maintain visual contact with the roadway, and failing to exercise due care to avoid colliding with a pedestrian. The State also charged Goullette with misdemeanor reckless driving.

In April 2018, the district court held a change of plea hearing. Goullette intended to plead guilty to both counts pursuant to *Alford*, with open sentencing recommendations by the parties.[2] During the change of plea hearing, there was no discussion about the actual facts which formed the basis for Goullette's guilty plea. Instead, the district court acknowledged this was an *Alford* plea and confirmed with Goullette that by pleading guilty he agreed there was a strong factual basis to support the guilty plea. The district court then accepted Goullette's guilty plea.

Prior to sentencing, Goullette filed an accident reconstruction report with the district court. During sentencing, the district court reported having reviewed the updated presentence investigation report (PSI) and Goullette's accident reconstruction report. The surviving victim provided a victim impact statement and then the prosecutor stated: "Your Honor, I can't say any more than [the victim] just said. What I can do is summarize that in one phrase. A lack of conscience." Next, Goullette's counsel argued there was no malice or criminal intent and stated: "[W]e don't agree that this is gross negligence." Without discussing the nature of the collision, the district court sentenced Goullette. The judgment of conviction was entered and Goullette's counsel withdrew as counsel of record without filing a notice of appeal or motion pursuant to Idaho Criminal Rule 35.

In June 2019, Goullette filed a pro se petition for post-conviction relief arguing ineffective assistance of trial counsel. The district court granted the State's summary disposition, and Goullette appealed to this Court. *See Goullette v. State*, Docket No. 47576 (Ct. App. March 3,

---

[2] Goullette pled guilty to two counts but is only challenging his plea to felony vehicular manslaughter on appeal. Therefore, we will only reference the one guilty plea.

2021) (unpublished). This Court determined the district court erred and remanded the case. On remand, the district court concluded Goullette was denied his constitutional right to effective assistance of counsel at a critical stage in the proceedings. Goullette's judgment of conviction was vacated and re-entered to allow him to seek direct appellate review. Goullette timely appealed.

## II.

## STANDARD OF REVIEW

Whether to accept a defendant's guilty plea is reviewed for an abuse of discretion. *Schoger v. State*, 148 Idaho 622, 627, 226 P.3d 1269, 1274 (2010); *State v. Jones*, 129 Idaho 471, 474, 926 P.2d 1318, 1321 (Ct. App. 1996). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Goullette presents two issues on appeal. First, he argues the district court erred by accepting his *Alford* plea without finding a strong factual basis for the plea. Second, he argues the district court erred at sentencing when the court failed to inquire about the factual basis of the plea after being presented with information that raised an obvious doubt as to his guilt.

### A.     *Alford* **Plea**

Goullette argues the district court erred by not expressly finding a strong factual basis for the plea prior to accepting Goullette's *Alford* plea. The State contends that first, Goullette invited any error; second, the record before the district court provided sufficient evidence of a strong factual basis for the plea; and, lastly, the State argues the finding of a strong factual basis was implicit in the district court's acceptance of Goullette's plea.

Prefatorily, we note that in Idaho there is no general obligation to inquire into the factual basis of a plea. *State v. Coffin*, 104 Idaho 543, 546, 661 P.2d 328, 331 (1983). However, such an inquiry should be made if a plea of guilty is coupled with an assertion of innocence or, if the court receives information before sentencing raising an obvious doubt as to guilt. *Schmidt v. State*, 103 Idaho 340, 345, 647 P.2d 796, 802 (Ct. App. 1982). It is well settled that if a defendant pleads

3

guilty while denying a particular element of the offense, such as intent, the plea nevertheless may be accepted if there is a strong factual basis for the plea. *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981).

A strong factual basis need not be established by proof beyond a reasonable doubt. A guilty plea is not the occasion for a mini-trial of the case. Rather, the object of ascertaining a factual basis is to ensure that the defendant's plea is made knowingly, intelligently, and voluntarily. *See, e.g., North Carolina v. Alford*, 400 U.S. 25 (1970).

> By determining that a strong factual basis for the plea exists, the trial court ensures that the defendant is pleading guilty because he believes that the state could, and more likely than not would, prove the charges against him beyond a reasonable doubt; and thus the defendant is entering the plea knowingly and voluntarily because he believes it to be in his best interests to do so, despite his continued assertion of innocence.

*State v. Ramirez*, 122 Idaho 830, 834, 839 P.2d 1244, 1248 (Ct. App. 1992).

Prior to entry of his plea, Goullette signed a guilty plea advisory form indicating that he intended to plead guilty to both counts, with open sentencing recommendations by the parties. In the pretrial settlement agreement, the State agreed to dismiss counts in other cases in exchange for Goullette's guilty plea in this case. Goullette signed an *Alford* plea acknowledgement form, in which Goullette's initials appear next to the statement, "That there exists a strong factual basis for the guilty plea."

Goullette claims it was err for the district court to ask Goullette whether there was a strong factual basis for the plea but not also conducting its own inquiry. The following exchange occurred during the change of plea hearing:

| | |
|---|---|
| Court: | And you're entering what's called an *Alford* plea. An *Alford* plea, by doing this you're agreeing that there's a strong factual basis to support a guilty plea. And you're asking the Court to enter the plea for you so that you can take advantage of the offer that the state has made in all of your pending cases, is that true? |
| Goullette: | Yes, ma'am. |
| Court: | And you understand that when you're sentenced, even though you haven't said you're absolutely guilty and entered the guilty plea, you'll be sentenced by me as if you pled guilty? |
| Goullette: | Yes, ma'am. |
| Court: | Do you want to go forward today and enter what is called an *Alford* plea to the charge of vehicular manslaughter? |
| Goullette: | Yes, ma'am. |
| Court: | And also to the charge of reckless driving? |
| Goullette: | Yes, ma'am. |

Court:      I will accept your pleas, enter them pursuant to the *North Carolina v. Alford* decision, find that they are knowingly and voluntarily made with a full understanding of the potential consequences.

Goullette argues that the district court was required to conduct an independent inquiry of the factual basis for the plea at the change of plea hearing. The language used in our prior cases is that "such an inquiry *should* be made if a plea of guilty is coupled with an assertion of innocence." *Schmidt*, 103 Idaho at 345, 647 P.2d at 802 (emphasis added). Therefore, even though it is preferred for the lower courts to make express factual findings during the plea, it is not absolutely required because an *Alford* plea "may be accepted *if* there is a strong factual basis for it." *Sparrow*, 102 Idaho at 61, 625 P.2d at 415 (emphasis added). Accordingly, even though the strong factual basis may not have to be expressly found upon independent inquiry into the facts during the plea, it must exist to ensure the plea is knowing and voluntary.

In *Ramirez*, 122 Idaho at 833, 839 P.2d at 1247, the appellant claimed it was manifestly unjust for the lower court to deny his request to withdraw his guilty plea because the trial court failed to determine whether there was a factual basis for the plea. This Court said, "[i]n determining whether a factual basis for a guilty plea exists, we look to the entire record before the trial judge at the time the plea was accepted." *Id.* at 834, 839 P.2d at 1248. We noted that the trial judge who accepted Ramirez's guilty plea was not the same judge who presided over the preliminary hearing, and there was no indication the trial judge had received or reviewed the preliminary hearing transcript. *Id.* Yet, based solely on a brief statement of facts made by Ramirez's counsel during the plea and the acknowledgement of a factual basis for the plea by counsel[3] (as opposed to the defendant himself, as here), this Court concluded that the trial judge did "ascertain that there was a strong factual basis for the plea, and that Ramirez did enter his plea knowingly and voluntarily."[4] *Id.* We cannot say that a contrary result obtains here.

There are significant similarities between *Ramirez* and this case. First, as in *Ramirez*, Goullette notes that the judge who accepted his *Alford* plea was not the same judge who presided over the probable cause or preliminary hearings. Second, in both cases the trial judge may not

---

[3]      The trial judge inquired, "Are you satisfied there is a factual basis to support a plea of guilty to this charge?" to which counsel replied, "Yes, Your Honor." *State v. Ramirez*, 122 Idaho 830, 834, 839 P.2d 1244, 1248 (Ct. App. 1992).

[4]      The *Ramirez* Court also pointed out that other charges were dismissed. The same is true here.

express findings regarding the factual basis for the plea. Third, while Ramirez's counsel acknowledged some of the underlying facts and that there was a factual basis for the plea, here, Goullette himself twice acknowledged a strong factual basis for his plea. Fourth, like in *Ramirez*, the district court here ascertained there was a strong factual basis for the plea when it elicited acknowledgment from Goullette that there existed a strong factual basis.

In *Ramirez*, this Court acknowledged that determining that a strong factual basis for the plea exists ensures that the plea is entered knowingly and voluntarily. *Id*. In this case, Goullette acknowledged that his plea was entered knowingly and voluntarily and that the district court found that the plea was entered knowingly and voluntarily. Moreover, Goullette makes no claim that his plea was not knowingly and voluntarily entered but, instead, simply claims that the district court should have ensured that evidence of the factual basis had been placed on the record at the change of plea hearing (despite his admissions that it existed) and such evidence expressly acknowledged by the district court.[5]

In this case, the record as acknowledged by Goullette demonstrates a strong factual basis for the plea. As a result, we affirm Goullette's judgment of conviction for felony vehicular manslaughter.

## B.    Sentencing

Goullette argues the district court erred when the court failed to inquire about the factual basis for the plea at sentencing because Goullette's accident reconstruction report raised obvious doubt as to guilt.

> A [court has an] obligation to conduct such an inquiry if-after a plea is entered but before sentence is imposed-the court receives information raising an obvious doubt as to whether the defendant is in fact guilty. In such circumstances, the trial court should inquire into the factual basis of the plea, either to dispel the doubt or to allow the defendant to plead anew.

*Schmidt*, 103 Idaho at 345, 647 P.2d at 801.

---

[5]    Goullette argues the district court erred through a procedural oversight but fails to explain how this truly effected his guilty plea or caused harm to his substantial rights. Even assuming error, not all I.C.R. 11 violations invalidate a guilty plea. Idaho Criminal Rule 52 provides, "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." We have previously recognized that some technical violations of I.C.R. 11(c) do not rise to the level of manifest injustice. *See Nellsch v. State*, 122 Idaho 426, 432, 835 P.2d 661, 667 (Ct. App. 1992); *accord United States v. Timmreck*, 441 U.S. 780, 784-85 (1979).

Goullette contends the accident reconstruction report he filed with the district court prior to sentencing raised an obvious doubt as to his guilt.[6] Goullette's report concluded: the heavy braking skid marks near the site of impact were not made by Goullette's vehicle; Goullette's speed was 26.5 miles per hour at the time of the collision (speed limit twenty-five miles per hour); Goullette did not have time to avoid the collision; and the pedestrians who were struck were not in compliance with Idaho law--walking southbound in the southbound lane. Goullette argues that this report contradicts the allegation that he was driving grossly negligent when he hit the pedestrians. Furthermore, Goullette finds it important that his trial attorney told the district court they did not agree he was grossly negligent.

Goullette was aware of the contents of the Skelton report before he entered his guilty plea. If the report raised an obvious doubt as to guilt, Goullette could have rejected the plea agreement and taken the case to trial. Goullette chose not to do that. Instead, he entered a guilty plea to the charges and despite the contents of the report, testified under oath that there was a strong factual basis for his guilty plea. Goullette notes the district court stated she reviewed his accident reconstruction report and the updated PSI, but this was the same judge from the change of plea hearing, not the judge who presided over the probable cause or preliminary hearings. As a result, Goullette argues the only evidence the district court had was his accident reconstruction report and his attorney's denial he was grossly negligent, which raised obvious doubt as to guilt of felony vehicular manslaughter. That is not entirely true. The district court also had Goullette's own testimony that there was a strong factual basis for his guilty plea made after Goullette knew about the contents of the report. Thus, Goullette's plea negated any alleged doubt the report may have cast upon his plea.

The State responds that the record available to the district court, including court minutes, establish Goullette drove in a grossly negligent manner by exceeding the speed limit, by exceeding a reasonable and prudent speed under the conditions, by failing to maintain visual contact with the roadway ahead of his moving vehicle, and by failing to exercise due care before he struck the pedestrians. The State argues that conflicting evidence does not rise to the level of obvious doubt and

---

[6] The Skelton report was provided to the State, but not the district court, about two months before Goullette pled guilty.

7

there remains evidence of grossly negligent driving that Goullette's accident reconstruction report does not contradict.[7]

We agree with the State. The preliminary court minutes establish that Goullette was not looking at the road immediately prior to the collision. After the collision, Goullette admitted to an officer that he had not been looking at the road, distracted by his child who was in the back seat. A witness reported prior to the collision, Goullette drove rapidly and crossed over the centerline while he appeared to have his head down rather than on the road. Moreover, contradictory information provided by Goullette would be grounds for a factfinder but does not immediately suggest obvious doubt as to guilt.

Lastly, Goullette's trial attorney's denial of gross negligence is not significant. First, the district court was aware Goullette denied gross negligence; it is precisely why Goullette chose an *Alford* plea. Second, the denial of gross negligence was not an attempt to show obvious doubt as to guilt because Goullette entered his plea after the report had been disclosed to the State and the trial attorney thereafter never asked for a withdrawal of the guilty plea or for the district court to reconsider the factual findings for the plea. Instead, the denial of gross negligence was for mitigation purposes at sentencing. Overall, the accident reconstruction report and trial attorney's denial of gross negligence did not provide obvious doubt of guilt. For that reason, the district court did not err during sentencing.

## IV.

## CONCLUSION

A strong factual basis for Goullette's guilty plea was ascertained and supported by the entire record. Goullette did not provide information that raised obvious doubt as to his guilt during his sentencing hearing. Accordingly, Goullette's judgment of conviction for felony vehicular manslaughter is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[7] We note the State asserts that this issue was not preserved. The State points out that for the first time on appeal, Goullette claims that the district court abused its discretion by failing to inquire into the factual basis for his plea during the sentencing hearing in light of the Skelton report and his trial counsel's denial of gross negligence. First, when filing the Skelton report with the district court prior to sentencing, Goullette noted that it was "for the Court['s] consideration at sentencing." Second, during the sentencing hearing, Goullette's counsel referenced the Skelton report only for mitigation, not to claim obvious doubt of guilt or to ask for further factual inquiry from the district court or plead anew. Finally, Goullette has made no responsive argument that the claim is preserved. While the issue is not preserved in the traditional sense, we will address the merits of the claim.