701 P.2d 668

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael W. HOFFMAN, aka Mickey Hoffman, aka Mick Hoffman, Defendant-Appellant.**

**No. 14905.**

Court of Appeals of Idaho.

May 31, 1985.

Laird B. Stone, Alan E. Trimming, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before BURNETT and SWANSTROM, JJ., and LODGE, J. Pro Tem.

PER CURIAM.

Michael W. Hoffman has appealed from a judgment of conviction entered upon his plea of guilty to first degree murder. The appeal presents two questions. First, we are asked to decide whether the district court acted correctly in accepting the guilty plea. Second, we must determine whether the sentence was properly imposed. For reasons explained below, we uphold the judgment of conviction insofar as it adjudicates the appellant's guilt but we vacate the sentence and remand the case for re-sentencing.

We first consider the guilty plea. Hoffman was charged with committing a pre-

meditated murder. In other pending cases, he also was charged with robbery, grand larceny and illegal possession of a firearm. As a result of plea negotiations, the prosecutor agreed to dismiss the other charges, and to refrain from requesting the death penalty, if Hoffman pled guilty to the charge of first degree murder.

The district judge conducted a lengthy colloquy with Hoffman and his counsel before accepting the plea. The judge made a full record concerning matters governed by I.C.R. 11(c). He took special care to ensure that Hoffman understood the elements of first degree murder, including premeditation, applicable to this case. The judge inquired of defense counsel whether there was a factual basis for the plea, and counsel replied that there was. The judge, noting that he had read the transcript of Hoffman's preliminary hearing, made his own finding that a factual basis existed. The record discloses that Hoffman, while armed with a pistol, went to the home of the murder victim, with whom he had a dispute over an illicit drug transaction. He shot the victim twice, once in the head and once in the heart.

During his colloquy with the district judge, Hoffman stated that he had not gone to the victim's home for the purpose of killing him, but "that's just the way it ended up." The judge again explained the elements of first degree murder and reminded Hoffman that he could raise lack of premeditation as a defense if the case went to trial. However, Hoffman steadfastly maintained his desire to plead guilty and the judge ultimately accepted the plea.

Hoffman now argues on appeal that he was not, in fact, guilty of a premeditated murder and that his plea should have been rejected. Hoffman invites our attention to comments later made by the district judge during a sentencing hearing. The judge, while reviewing the aggravating and mitigating circumstances of the case, observed that he entertained reasonable doubt as to whether Hoffman went to the victim's home with an intent to kill. However, the judge also noted, in his view of the evi-

dence, that Hoffman went there to threaten the victim, to demand money and to kill the victim if he did not comply. Hoffman contends that these remarks show an inadequate factual basis for his plea to first degree murder as charged. We disagree.

■ Prefatorily, we note that in Idaho there is no general obligation to inquire into the factual basis of a plea. *State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983). However, such an inquiry should be made if a plea of guilty is coupled with an assertion of innocence or if the court receives information before sentencing raising an obvious doubt as to guilt. *Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App. 1982). Here, Hoffman did not couple his plea with an assertion of innocence. Rather, he continued to state that he was guilty even though he denied harboring an intent to kill when he went to the victim's house. It is well settled that if a defendant pleads guilty while denying a particular element of the offense, such as intent, the plea nevertheless may be accepted if there is a strong factual basis for it. *Sparrow v. State,* 102 Idaho 60, 625 P.2d 414 (1981); *State v. Howell,* 104 Idaho 393, 659 P.2d 147 (Ct.App.1983).

■ A strong factual basis need not be established by proof beyond a reasonable doubt. A guilty plea is not the occasion for a mini-trial of the case. Rather, the object of ascertaining a factual basis is to assure that the defendant's plea is made knowingly, intelligently and voluntarily. *See, e.g., North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Our examination of the record persuades us that a strong factual basis existed for pleading guilty to the offense as charged. We conclude that the plea was entered knowingly, voluntarily and intelligently. The district judge did not err by accepting it.

■ We now turn to the sentence imposed. At the sentencing hearing, the state recommended a fixed life term. Defense counsel urged the court to impose an

indeterminate sentence. After discussing the alternatives, the court stated:

[I] will moderate between the state's recommendations and the defense recommendations.... The sentence will be a *fixed indeterminate* life sentence with court's recommendations that the defendant serve a minimum of 20 years in the Idaho State Penitentiary before being eligible and considered for a commutation of sentence. And that will be the sentence of the court. [Emphasis added.]

The written judgment of conviction also contained the phrase "fixed indeterminate," but the judge crossed out the word "indeterminate" and initialed the change. Hoffman now argues that the orally pronounced "fixed indeterminate" sentence was defective and that the judge, by entering a written judgment specifying a "fixed" sentence, in effect resentenced the defendant outside his presence.

Both the state and the appellant agree that Idaho law does not allow the imposition of a "fixed indeterminate" sentence. Idaho Code § 19–2513 authorizes indeterminate sentences and I.C. § 19–2513A authorizes "alternative" fixed sentences. For the purpose of discussion in this case, we will presume that the two types of sentences cannot be mixed.

■ The state contends that the judge's remarks at the sentencing hearing, when considered as a whole, indicate that the judge intended to impose a fixed sentence. The state's interpretation well may be correct. But the judge's statement that he would "moderate" between the recommendations of fixed life and indeterminate sentencing could be construed as an innovative attempt to combine certain elements of fixed and indeterminate sentencing. Consequently, we conclude that the oral sentence is ambiguous. When such an ambiguity exists, it cannot be resolved merely by resorting to the written judgment of conviction. In criminal cases, oral sentences may establish important rights and burdens. Our Supreme Court has held that when an oral sentence is ambiguous on a material point, the case should be remanded to the trial judge for resentencing. *State v. Phillips,* 99 Idaho 354, 581 P.2d 1173 (1978). In our view, that is the proper course here.

■ For guidance on remand, we must also address Hoffman's contention that he should not be resentenced outside his presence. A criminal defendant is entitled to be present when sentence is imposed. I.C.R. 43(a); *see, e.g., State v. Creech,* 105 Idaho 362, 365 n. 1, 670 P.2d 463, 466 n. 1 (1983). The state argues that under the circumstances of this case, failure to bring Hoffman into the court for resentencing would be merely a procedural irregularity that can be disregarded under I.C.R. 52. The state's argument might be persuasive if the oral sentence had been unambiguous and free from error, and if the written judgment had been corrected solely to conform to the oral sentence. However, that is not the case here. The written judgment, with the word "indeterminate" deleted, differs substantially from, and arguably imposes a heavier penalty than, the ambiguous oral sentence. We conclude that Hoffman should be brought before the district judge for resentencing.

In summary, the judgment of conviction is affirmed insofar as it adjudicates Hoffman's guilt upon the charge of first degree murder. However, that part of the judgment which imposes the sentence is vacated and the case is remanded for resentencing in conformance with this opinion.