812 P.2d 301 (1991)
119 Idaho 301
Kevin AMERSON, Petitioner-Appellant,
v.
STATE of Idaho, Respondent.
No. 18782.
Court of Appeals of Idaho.
May 2, 1991.
Petition for Review Denied July 18, 1991.
*302 Gregory A. Jones, Kootenai County Public Defender, Timothy H. Gresback, Deputy Public Defender, Coeur d'Alene, for petitioner-appellant.
Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for respondent.
SWANSTROM, Judge.
Kevin Amerson appeals from a district court order denying him post-conviction relief. Amerson took a ladies' watch from Davidson's Jewelry in Coeur d'Alene, Idaho. He pled guilty to this offense and to an unrelated burglary charge. Amerson received a five-year determinate sentence on the grand theft charge and a consecutive five-year indeterminate sentence on the second degree burglary charge. In a prior appeal from the judgments of conviction, Amerson contended only that his sentences were excessive. See State v. Amerson, 113 Idaho 183, 742 P.2d 438 (Ct.App. 1987) (affirming the judgments imposing the sentences).
In June, 1989, Amerson filed a petition for post-conviction relief, alleging that his guilty plea to the grand theft charge was not voluntarily entered because the plea did not meet the requirements of a valid Alford plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, Amerson does not question the validity of the burglary conviction. For reasons explained below, we hold that the grand theft plea was binding upon Amerson.
Under our federal and state constitutions, a guilty plea must be made voluntarily, knowingly and intelligently. State v. Colyer, 98 Idaho 32, 557 P.2d 626 (1976); State v. Hawkins, 115 Idaho 719, 769 P.2d 596 (Ct.App. 1989). When the legal effect of a guilty plea is contested on *303 appeal, we undertake an independent review of the record. If the evidence surrounding the entry of the plea is conflicting, we will accept the trial court's findings of fact when supported by substantial evidence. Id. However, we will freely review the court's determination as to whether constitutional requirements have been satisfied in light of the facts found. Id.
Amerson is asserting that the plea was involuntary because it was the product of coercion. He alleges that he was not guilty of grand theft and that he pled guilty to save his girlfriend's sanity, because she would have to testify if the case were to go to trial. Amerson's girlfriend was suffering from mental stress due to the ordeal, had threatened suicide, and was voluntarily hospitalized at the time plea negotiations were undertaken.
In Alford, the United States Supreme Court held that an accused may voluntarily consent to the imposition of a prison sentence despite a professed belief in his or her innocence, as long as a factual basis for the plea is demonstrated by the state, and the accused clearly expresses a desire to enter such a plea. Alford, supra. In Idaho, there is no general obligation to inquire into the factual basis of a guilty plea. State v. Hoffman, 108 Idaho 720, 701 P.2d 668 (Ct.App. 1985). However, such an inquiry should be made if an Alford plea is accepted, or if the court receives information before sentencing which raises an obvious doubt as to guilt. Id.
The state need not show the factual basis of a plea by proof beyond a reasonable doubt. Nor does a plea require a mini-trial of the case. Instead, the goal behind ascertaining a factual basis is to assure that the defendant's plea is made knowingly, intelligently and voluntarily. Id. The state presented the following information: On July 25, 1986, a ladies' watch, valued at approximately $1,200, was taken from Davidson's Jewelers. A witness, who observed Amerson through the window, saw Amerson reach over the top and into the back of a display case. The witness noted that this conduct occurred while Amerson's male companion was talking to the saleslady at the jewelry store. Soon afterwards, the jeweler found that there was a watch missing from the case that Amerson had been seen reaching into. The jeweler notified police who learned that the two men had attempted to sell the watch at two different pawn shops. The police stopped and arrested the two men.
Amerson's companion insisted that Amerson had stolen the watch and that it was probably hidden somewhere inside the vehicle. The police searched the vehicle pursuant to a search warrant, but no watch was found. While Amerson was in jail, he contacted his girlfriend and asked her to remove the watch from his vehicle. This information was passed on to the police and a second search warrant was issued. The watch was later found up inside the dashboard of the vehicle. The record shows that this factual basis was established before the district judge accepted Amerson's plea of guilty to the charge of grand theft.
Even assuming that a factual basis has been shown, Amerson contends that an Alford plea requires more. Specifically, he insists that a "clearly expressed desire" to enter a plea has not been established by the record. We hold that the record demonstrates otherwise. The district judge conducted an extensive colloquy with Amerson and his attorney before accepting the plea. The information outlining the charge was read in open court to Amerson and he freely admitted to being adequately informed of the charges filed against him. In addition, the district judge explained to Amerson that by pleading guilty he was waiving certain constitutional rights, i.e., the right to a jury trial, the right to confront and cross-examine witnesses, and the right to remain silent. I.C.R. 11(c)(3).
Our examination of the record indicates that Amerson had incentive to plead guilty to the charges. In exchange for pleading guilty to grand theft and second degree burglary, the state agreed to dismiss another grand theft charge and not to file a habitual criminal charge against Amerson. The state also agreed not to file charges on any nonviolent crimes that Amerson might implicate himself in while cooperating with the police. In addition, the state agreed to recommend an indeterminate sentence not *304 to exceed ten years, if Amerson agreed to the plea stipulation. We believe that the record shows that the plea was entered with the clearly expressed desire to take advantage of the plea agreement. Therefore, we hold that the requirements for a valid Alford plea have been met.
Amerson contends that the primary factor which influenced his decision to plead guilty was his belief that a jury trial would place undue stress on his girlfriend's mental health. When pleading guilty, Amerson did state his belief that, if his girlfriend were to testify at trial, she would suffer a nervous breakdown and be forced to be hospitalized at a mental institution for an extended period of time. This, according to Amerson, represents an impermissible form of "coercion" that shows that his plea was not entered voluntarily. We disagree.
The stress and anxiety that Amerson's girlfriend might experience, if called upon to testify at trial, are external pressures not attributable to the state, and as such, did not render the plea involuntary. State v. Osborne, 35 Wash. App. 751, 669 P.2d 905 (1983), aff'd, 102 Wash.2d 87, 684 P.2d 683 (1984). See also State v. Roderick, 97 Idaho 82, 540 P.2d 267 (1975) (although sentencing options may have played a part in defendant's decision to plead guilty, offer of less than a life sentence did not constitute coercion rendering plea of guilty involuntary); State v. Turner, 95 Idaho 206, 506 P.2d 103 (1973) (psychological coercion and fear caused by tenuous surrounding circumstances of the case did not compel finding that plea was involuntary). Accordingly, we hold that any pressure to plead guilty that resulted from Amerson's concern for the mental health of his girlfriend was insufficient to render the plea involuntary.
The district court order denying the motion for post-conviction relief is affirmed.
WALTERS, C.J., and SILAK, J., concur.