IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39892

| | | |
|---|---|---|
| DAVID SCOTT BEGLEY, | ) | 2013 Unpublished Opinion No. 575 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 10, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed in part, reversed in part, and remanded.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David Scott Begley appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm in part, reverse in part, and remand.

## I.

## FACTS AND PROCEDURE

In 2008, a grand jury indicted Begley on three counts of lewd conduct with a minor under the age of sixteen. In 2009, Begley entered an *Alford*[1] plea to one count of felony injury to a child, I.C. § 18-1501(1), and the state dismissed the three counts of lewd conduct. The district court sentenced Begley to a unified term of ten years, with a minimum period of confinement of one year. On appeal, Begley's judgment of conviction and sentence and the denial of his

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

I.C.R. 35 motion for reduction of the sentence were affirmed by this Court in an unpublished opinion. *State v. Begley*, Docket No. 36676 (Ct. App. Mar. 24, 2010). Begley filed a pro se petition for post-conviction relief and a motion and affidavit for appointment of counsel. The state filed an answer and requested that Begley's petition be denied. Through counsel, Begley filed an amended petition and affidavit, asserting his guilty plea was not knowingly, intelligently, and voluntarily entered because the district court failed to determine a factual basis for his *Alford* plea and asserting numerous instances of ineffective assistance of counsel.[2] The state filed an answer and Begley filed a motion for summary disposition. In the motion, Begley argued his due process rights were violated because his guilty plea was not knowingly, intelligently, and voluntarily entered and asked the district court to withdraw his plea. The district court issued an order denying Begley's motion and providing notice of its intent to dismiss Begley's petition. Begley responded. Thereafter, the district court entered an order dismissing Begley's petition on grounds set forth in its notice of intent to dismiss. Begley appeals.[3]

---

[2] Begley listed these instances as follows: failure to advise that a psychosexual evaluation would be part of the presentence investigation report; failure to advise of the rights not to participate in a psychosexual evaluation and to consult with an attorney prior to the evaluation process; failure to discuss with Begley, and prepare him for, the psychosexual evaluation process; prior to the change of plea, counsel failed to advise Begley what was meant by a minimum one-year sentence; counsel wrongfully advised Begley to change his plea from not guilty to guilty; counsel failed to secure for Begley a plea agreement that was binding not only upon the state but the district court as well; counsel failed to request a change of venue due to the tremendous amount of pretrial publicity about the case; counsel failed to call as witnesses during the sentencing hearing the polygrapher and psychosexual evaluator to present testimony in mitigation; counsel failed to object to, and move to strike from the presentence investigation report, information about three other minors who had made unsubstantiated allegations of sexual abuse by Begley. Begley's petition also alleged the prosecution failed to disclose favorable evidence or information.

[3] Begley only makes two arguments on appeal: the district court erred by summarily dismissing his claim that his *Alford* plea was not knowingly, intelligently, and voluntarily entered and the district court failed to provide sufficient notice prior to summarily dismissing his claim that his counsel was ineffective for failing to object to and move to strike from the presentence investigation report information concerning other minors who made allegations of sexual abuse.

2

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001). The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).

# III.

# ANALYSIS

**A.      Direct Challenge to Acceptance of Guilty Plea**

Begley asserts the district court erred by summarily dismissing his claim that his *Alford* plea was not knowingly, intelligently, and voluntarily entered because the record of his plea hearing, at which he maintained his innocence, did not contain a strong factual basis for the injury to a child charge. Begley argues he raised a genuine issue of material fact and was entitled to an evidentiary hearing on this claim. While the district court addressed this claim in its order denying Begley's motion and providing notice of its intent to dismiss Begley's petition, the scope of post-conviction relief is limited. *See Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. I.C. § 19-4901(b). Begley has not asserted he was unable, with the exercise of due diligence, to challenge the district court's acceptance of his guilty plea on direct appeal. Thus, we need not address this claim.

Even addressing Begley's claim, in Idaho there is no general obligation to inquire into the factual basis of a plea. *State v. Coffin*, 104 Idaho 543, 545, 661 P.2d 328, 330 (1983). However, such an inquiry should be made if a plea of guilty is coupled with an assertion of innocence or if the court receives information before sentencing raising an obvious doubt as to guilt. *Amerson v. State*, 119 Idaho 994, 996, 812 P.2d 301, 303 (Ct. App. 1991). In the case of an *Alford* plea, an accused may consent to the imposition of a prison sentence despite professing his or her innocence as long as a factual basis for the plea is demonstrated and the defendant expresses a desire to enter such a plea. *State v. Ramirez*, 122 Idaho 830, 834, 839 P.2d 1244, 1248 (Ct. App. 1992); *Amerson*, 119 Idaho at 996, 812 P.2d at 303. A strong factual basis need not be established by proof beyond a reasonable doubt. *State v. Hoffman*, 108 Idaho 720, 722, 701 P.2d 668, 670 (Ct. App. 1985). A guilty plea is not the occasion for a mini-trial of the case. *Id*. Rather, the object of ascertaining a factual basis is to assure that the defendant's plea is made knowingly, intelligently, and voluntarily. *See North Carolina v. Alford*, 400 U.S. 25, 37-38

5

(1970). By determining a strong factual basis for the plea exists, the trial court ensures the defendant is pleading guilty because he or she believes that the state could, and more likely than not would, prove the charges against him or her beyond a reasonable doubt and the defendant is entering the plea knowingly and voluntarily because he or she believes it to be in his or her best interest to do so, despite a continued assertion of innocence. *Ramirez*, 122 Idaho at 834, 839 P.2d at 1248. In determining whether a factual basis for a guilty plea exists, we look to the entire record before the trial court at the time the plea was accepted. *Mendiola v. State*, 150 Idaho 345, 352, 247 P.3d 210, 217 (Ct. App. 2010).

At the change of plea hearing, the following exchange took place:

[COURT]    All right. Now, in this case, which is CR 2008-16840, it's my understanding that--well [Prosecutor], can you make a record as to what you expect to proceed this afternoon?

[PROSECUTOR]    Yes, Your Honor, it's my understanding that Mr. Begley is going to be pleading to a charge of felony injury to a child. We have an agreement to dismiss CR 08-16840. We filed a new criminal Complaint under CR 2009-10663.

I've got the file for you that's got the criminal Complaint as well as the Information if I may approach, Your Honor.

[COURT]    Okay.

[PROSECUTOR]    And, Judge, what we would be asking the court to do today is to arraign Mr. Begley on the new charge. It's my understanding he'll waive his preliminary hearing. He will be arraigned on the Information, and then he'll enter his change of plea today.

. . . .

[COURT]    Okay. So let's then turn to the case that's just been filed today numbered CR 2009-10663. That criminal Complaint was filed by the prosecuting attorney on this date charging injury to children.

. . . .

So, Mr. Begley, I guess I need to advise you that with this new charge you do have all the rights that you've been previously advised of, the right to remain silent, the right to counsel. And [Counsel] is here representing you.

For the record, [Counsel], you will represent him in this new case?

[COUNSEL]    Yes, Judge. And for the record we have received a copy of the Complaint. We have reviewed it. We're prepared to waive the reading of the Complaint at this time.

. . . .

We have received a copy of the Information which charges the injury to a child offense. We're prepared to waive the reading of that as we have both read that and gone over it, and we're prepared to enter a plea to that charge today.

. . . .

[COURT]    Do you understand what your attorney has told the court?

[BEGLEY]     For the most part, Your Honor.

[COURT]     Can you tell the court what you may be a little bit vague on and what you're not sure you understand?

[BEGLEY]     Probably just the plea to guilty and the Alford plea-type information.

[COURT]     And that's something that [Counsel] has not put on the record here.

But in a sidebar with the court you did indicate, [Counsel], that this would be in the nature of an Alford plea.  Is that right?

[COUNSEL]   That is correct, Judge.  Judge, and perhaps I can explain the full ramifications of what has gone on here.

The court is aware that Mr. Begley took a polygraph test back in February, and he passed the polygraph with reference to the other charge.

Since then I've had a considerable amount of communication with [the Prosecutor]. . . .  I've talked to another prosecutor about this matter on at least a couple of occasions, different prosecutors, and where we're at this afternoon is a compromise by both the state and Mr. Begley.

. . . .

The compromise on our part is to accept the filing of this Information and entering a plea to this Information, and we are receiving a benefit by doing that of not having to go to trial on the L and L charge with the risk--and we've discussed that at length.  We have gone back and forth on this with Mr. Begley and Mrs. Begley with reference to entering a plea to this charge this afternoon.

And what we're really doing here is a number of things.  One is we are ending this matter with a plea.  Number two, we are receiving a benefit by not having to go to a jury trial on the L and L and risk conviction and subsequently having to register as a sex offender and the stigmatization that goes along with that in the event that the jury returned a verdict of guilty.

And then obviously there's--we eliminate the cost of trial and the accruing costs of further legal proceedings in this matter as we proceed.

So with a compromise on the part of the state and a compromise that we're making, it is our desire this afternoon to enter an *Alford* plea to this charge and take advantage of what the state has done and eliminate the risk of a potential jury verdict that may be adverse and that we avoid that.

[COURT]     Okay.  And, Mr. Begley, have you had an opportunity to go through what's called a guilty plea advisory form?

[BEGLEY]     Yes, sir, I have.

. . . .

[COURT]     Do you feel you've been fully advised as to what your circumstances are in this case?

[BEGLEY]     Yes, Your Honor.

. . . .

[COURT]     Did you personally put your initials on this document, this guilty plea advisory form?

[BEGLEY]     Yes, Your Honor.

7

. . . .

[COURT]    Question No. 10 talks about the guilty plea, Mr. Begley. And it's written here that the charge of L and L is to be dismissed, the charge of injury to child was going to be filed, and that you were to plead guilty as an Alford plea to the felony.

Is this your handwriting or [Counsel's]?

[COUNSEL]   That is my handwriting, Judge.

. . . .

[COURT]    . . . Now, Mr. Begley, is there anything--is there any reason you can think of that you cannot enter a voluntary plea today?

[BEGLEY]    No, Your Honor.

. . . .

[COURT]    Now, I guess the last thing I want you to understand is that although the court has accepted Alford pleas in the past, and almost 100 percent of the time the court does, I find in the presentence investigation report that the defendant basically takes the position that really nothing ever happened, and the court should take that into consideration in its sentencing.

But you need to understand that if you enter a plea of guilty, even pursuant to an Alford plea, the court will treat this matter as if there was an injury to children. You understand that?

[BEGLEY]    Yes, Your Honor.

[COURT]    Okay.

. . . .

The Information that's been filed in this case charges the following offenses: That the Defendant David Begley, on or between the 1st day of January 2007, through May 27, 2007, in the County of Canyon, State of Idaho, did under circumstances likely to produce great bodily harm or death to a child under 18 years of age, specifically T.C., date of birth October 1, 1999, and/or A.H., date of birth December 16, 2002, and/or M.Z., date of birth August 4, 1997, unlawfully and willfully caused or permitted the person or health of the child to be injured while having care or custody of said child.

To that offense to you plead guilty?

[COUNSEL]   Judge, we will enter an Alford plea to that charge.

[COURT]    Well, Mr. Begley, do you plead guilty to this offense on the basis that you feel the state has sufficient evidence that there's a likelihood they could prove their case at trial?

[BEGLEY]    No, Your Honor, I don't think they can prove it but--

[COURT]    Well, here's the situation. My understanding of the case in Alford versus North Carolina, which is a case decided by the United States Supreme Court, that essentially stands for the proposition that a person can plead guilty to a crime even though they don't believe they're guilty but on the basis that they understand that the state's evidence is strong enough that they very well may lose the case at a jury trial.

[BEGLEY]    Yeah.

[COURT]    So I guess what I'm asking you is--I mean, you've talked to your attorney. And what I heard your attorney say earlier today is that the risk of

losing on three charges of lewd and lascivious conduct against children is something that you've weighed in your consideration.

          Is that fair to say?

    [BEGLEY]    Yes, Your Honor.

    [COURT]    So is that why you're then pleading guilty to this new charge of injury to children?

    [BEGLEY]    If you're asking the reason why I'm pleading, it is because of the cost of the jury trial, one. Financially we can't afford it. Two, it's a flip of a coin; their word versus mine. My attorney has advised me of that; that it can go either way, and so I do understand. But that is the reason why I've chosen to follow this path is just financially, and I want it to be over with and done. It's been drug out for a very long time.

    [COURT]    Okay. But when you say or use the phrase, it's just a flip of the coin as to what could happen, what I'm hearing you say is that you agree that the jury very well could believe these children that get up and testify.

    [BEGLEY]    Yes, Your Honor.

    [COURT]    And if they did, the likelihood is that you would be found guilty by the jury. Do you understand that?

    [BEGLEY]    Yes, Your Honor.

    [COURT]    So is that really--that risk, is that why you're pleading guilty to this offense?

    [BEGLEY]    Yes, Your Honor.

    [COURT]    Okay. Then I will accept your plea of guilty to this charge of injury to children.

Begley asserts this exchange demonstrates that, aside from reading the information to Begley, there was no mention of any facts supporting the charge of injury to a child, no stipulation from Begley or his counsel that there was a factual basis for the guilty plea, nor any attempt to summarize the testimony the state expected would be offered at trial. Thus, Begley concludes the district court failed to establish the strong factual basis necessary to determine his guilty plea was made knowingly, intelligently, and voluntarily.

As the exchange cited above indicates, the information presented to the district court at the change of plea hearing and read to Begley charged Begley with injury to a child because, under circumstances likely to produce great bodily harm or death to a child under eighteen years of age, specifically T.C., A.H or M.Z., Begley unlawfully and willfully caused or permitted the person or health of the child to be injured while having care or custody of said child. The district court also ensured Begley was pleading guilty to the charge because Begley believed that, if the children testified at trial, the jury would likely find him guilty of the lewd conduct charges and, because of that risk, Begley believed it to be in his best interest to plead guilty to injury to a child

despite his continued assertion of innocence. Thus, we conclude there was information in the record before the district court at the time Begley entered his *Alford* plea by which the district court could determine a strong factual basis for the plea existed such that it was being made knowingly, intelligently, and voluntarily. Accordingly, Begley has failed to demonstrate the district court erred by summarily dismissing his claim that his *Alford* plea was not knowingly, intelligently, and voluntarily entered.

**B.      Notice of Intent to Dismiss**

Begley argues the district court failed to provide sufficient notice prior to summarily dismissing his claim that his counsel was ineffective for failing to object to and move to strike from the presentence investigation report information concerning other minors who made allegations of sexual abuse. If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

Here, as Begley asserts, the district court's notice of intent to dismiss did not address Begley's claim that his counsel was ineffective for failing to object to and move to strike from the presentence investigation report information concerning other minors who made allegations of sexual abuse. The district court did not discuss how the arguments presented in Begley's amended petition with respect to this claim failed to support a genuine issue of material fact regarding the sufficiency of Begley's counsel. Indeed, after the district court set forth an incomplete list of Begley's ineffective assistance of counsel claims as identified in his amended petition[4] and recited the general legal analysis pursuant to *Strickland v. Washington*, 466 U.S.

---

[4]      The claims identified by the district court were as follows: Begley alleged he was told by his counsel he would be placed on probation and the district court would grant him a withheld judgment; Begley alleged his counsel did not inform him that the district court would order a psychosexual evaluation which would be used during his sentencing hearing; Begley alleged his counsel did not attempt to seek a change of venue from the district court because of media coverage; and Begley alleged his counsel failed to adequately represent him by failing to present

668 (1984), the district court's entire analysis supporting its proposed dismissal of Begley's claims consisted of the following:

> Importantly, Begley failed to establish either prong of this test. Begley made these claims without any support, and did not brief the issue. The Court finds nothing in the record to find that counsel's performance fell below an objective standard of reasonableness.
>
> As previously stated, this Court properly notified Begley of the potential maximum sentence, that the Court was not bound by any sentencing recommendations, and that a psychosexual evaluation would be required as part of the Presentence Investigation Report.
>
> For the foregoing reasons, after reviewing all the records in this case, this Court finds that counsel was not ineffective.

Thus, the district court did not specifically identify the claim and the district court's reasoning for its intended dismissal failed to provide notice as to why Begley's claim was unsupported or without merit. Therefore, we determine the district court's notice of intent provided no notice of the basis for dismissal and was insufficient to allow Begley a meaningful opportunity to respond to the intended dismissal. Our decision does not preclude another summary dismissal on remand on grounds adequately articulated in a notice of intent to dismiss or in a motion from the state properly granted by the district court.

## IV.

## CONCLUSION

We need not consider Begley's claim that the district court failed to establish a factual basis for his *Alford* plea because Begley has not asserted he was unable, with the exercise of due diligence, to challenge the district court's acceptance of his guilty plea on direct appeal. Even addressing the issue, Begley has failed to demonstrate the district court erred by summarily dismissing his claim that his *Alford* plea was not knowingly, intelligently, and voluntarily entered. The district court's notice of intent to dismiss did not provide notice to Begley to respond to the intended dismissal of Begley's claim that his counsel was ineffective for failing to object to and move to strike from the presentence investigation report information concerning other minors who made allegations of sexual abuse. Accordingly, we affirm the district court's

---

the person who conducted the polygraph test and the doctor who performed the psychosexual evaluation at his sentencing hearing.

11

order as to Begley's claim that his *Alford* plea was not knowingly, intelligently, and voluntarily entered. However, we reverse the district court's order dismissing Begley's petition with respect to his claim that his counsel was ineffective for failing to object to and move to strike information from the presentence investigation report and remand this matter to the district court for further proceedings consistent with this opinion. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**